SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
TENAYA RODEWALD, Cal Bar No. 248563
trodewald@sheppardmullin.com
1540 El Camino Real, Suite 120
Menlo Park, CA 94025
Telephone: 650.815.2600
Facsimile: 650.815.2601

THOMAS DILLICKRATH, *pro hac vice forthcoming*
tdillickrath@sheppardmullin.com
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
Telephone: 202.747.1900
Facsimile: 202.747.1901

Attorneys for Defendants CRITEO CORP.

*Additional Counsel Listed on Next Page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NEIL GETZ and JUSTIN BREWER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CVS HEALTH CORPORATION, CVS PHARMACY, INC., CRITEO CORP., and MEDALLIA, INC.,<br><br>Defendants. | Case No. 2:25-cv-04689-MWC-E<br><br>Judge: Hon. Michelle Williams Court, Courtroom. 6A<br><br>**DEFENDANT CRITEO CORP.'S**<br><br>**(1) NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(2) and 12(b)(6) AND MOTION TO STRIKE UNDER FED. R. CIV. P. 12(f); and**<br><br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed Concurrently with Declaration of Tenaya Rodewald and Proposed Order]*<br><br>Date: October 17, 2025<br>Time: 1:30 p.m.<br>Dept: Courtroom 6A, 6th Floor<br>Judge: Hon. Michelle Williams Court |

MARK RATWAY, *pro hac vice forthcoming*
mratway@sheppardmullin.com
2200 Ross Avenue, 20th Floor
Dallas, TX 75201
Telephone: 469.391.7400
Facsimile: 469.391.7401

SAMUEL HYAMS-MILLARD, Cal Bar No. 317941
shyams-millard@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947

Attorneys for Defendants CRITEO CORP.

## TABLE OF CONTENTS

Page


NOTICE OF MOTION .......... 1

MEMORANDUM OF POINTS AND AUTHORITIES .......... 1

I. THE COURT LACKS PERSONAL JURISDICTION OVER CRITEO .......... 2

A. This Court Lacks General Jurisdiction Over Criteo. .......... 2

B. This Court Lacks Specific Jurisdiction Over Criteo. .......... 3

1. There was no purposeful direction. .......... 3

2. Plaintiff's claims do not relate to any California contacts. .......... 6

3. Jurisdiction does not comport with fair play and substantial justice. .......... 6

II. PLAINTIFF FAILS STATE ANY CLAIM AGAINST CRITEO .......... 6

A. Legal Standard Under Rule 12(b)(6) .......... 6

B. Plaintiff Fails to Allege a Violation of CIPA § 631(a) (Claim 1). .......... 7

1. Plaintiff fails to plausibly allege Criteo read or attempted to read his communications while they were in transit. .......... 7

2. The Section 631 Claim fails for additional reasons .......... 9

C. Plaintiff Fails to Allege a Violation of CIPA § 632(a) (Claim 2). .......... 9

1. Plaintiff fails to plausibly allege an objectively reasonable expectation of privacy .......... 10

2. Plaintiff does not establish any of his identifiable, or confidential health information was transmitted to Criteo. .......... 13

3. The Section 632 Claim fails for additional reasons .......... 15

D. Plaintiff Fails to Allege Claims of Invasion of Privacy under the Common Law or California Constitution (Claims 5, 6) .......... 15

1. No Reasonable Expectation of Privacy .......... 15

2. No Highly Offensive Intrusion .......... 16

3. Claims 5 and 6 fail for additional reasons. .......... 16

E. Plaintiff Fails to Allege the Requisite Intent for Claims 1, 2, 5 and 6. .......... 17

F. Plaintiff Fails to Allege a Negligence or Negligence Pe Se Claim (Claim 7) .......... 18

III. THE NATIONWIDE CLASS ALLEGATIONS SHOULD BE STRICKEN .......... 20

IV. THE COURT SHOULD STRIKE THE TOLLING ALLEGATIONS .......... 24

V. CONCLUSION .......... 25

## TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Abels v. Bank of Am., N.A.*
2012 WL 691790 (N.D. Cal. Mar. 2, 2012) .......... 24

*AHA v. Becerra*
738 F.Supp.3d 780 (N.D. Tex. 2024) .......... 14

*Ahmed v. Cty. of Santa Clara*
2021 WL 105620 (N.D. Cal. Jan. 12, 2021) .......... 7

*Allstate Ins. Co. v. Hague*
449 U.S. 302 (1981) .......... 21

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) .......... 6, 7

*Austin v. Atlina*
2021 WL 6200679 (N.D. Cal. Dec. 22, 2021) .......... 19

*B.K. v. Desert Care Network*
2024 WL 1343305 (C.D. Cal. Feb. 1, 2024) .......... 12

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) .......... 6

*Belluomini v. Citigroup Inc.*
2013 WL 5645168 (N.D. Cal. Oct. 16, 2013) .......... 16

*Bettles v. Toyota Motor Corp.*
645 F.Supp.3d 978 (C.D. Cal. 2022) .......... 24

*Briskin v. Shopify, Inc.*
135 F.4th 739 (9th Cir. 2025) .......... 5

*Burri L. PA v. Skurla*
35 F.4th 1207 (9th Cir. 2022) .......... 5

*Campbell v. Facebook, Inc.*
77 F.Supp.3d 836, 849 (N.D. Cal. 2014) .......... 10, 13

*Caracciolli v. Facebook, Inc.*
167 F.Supp.3d 1056 (N.D. Cal. 2016)....................................................18

*Churchill Vill., L.L.C. v. Gen. Elec. Co.*
169 F.Supp.2d 1119 (N.D. Cal. 2000),
*aff'd* 361 F.3d 566 (9th Cir. 2004)....................................................21

*Cline v. Reetz-Laiolo*
329 F.Supp.3d 1000 (N.D. Cal. 2018)....................................................10, 13

*Conohan v. Gen Digital, Inc.*
2025 WL 864655 (C.D. Cal. 2025)....................................................4

*Corales v. Bennett*
567 F.3d 554 (9th Cir. 2009)....................................................20

*Cousin v. Sharp Healthcare*
681 F.Supp.3d 1117 (S.D. Cal. 2023)....................................................14

*D'Angelo v. Penny Opco, LLC*
2023 WL 7006793 (S.D. Cal. Oct. 24, 2023)....................................................11

*Daimler AG v. Bauman*
571 U.S. 117 (2014)....................................................2

*Darisse v. Nest Labs, Inc.*
2016 WL 4385849 (N.D. Cal. Aug. 15, 2016)....................................................23, 24

*Davison v. Kia Motors Am., Inc.*
2015 WL 3970502 (C.D. Cal. June 29, 2015)....................................................22

*Doe v. Amgen, Inc.*
2024 WL 575248 (C.D. Cal. Jan. 29, 2024)....................................................14

*Doe v. Davita Inc.*
2024 WL 1772854 (S.D. Cal. Apr. 24, 2024)....................................................14

*Doe v. Google LLC*
741 F.Supp.3d 828 (N.D. Cal. 2024)....................................................17

*Dole Food Co. Inc. v. Watts*
303 F.3d 1104 (9th Cir. 2002)....................................................3

*Faulkner v. ADT Sec. Servs.*
706 F.3d 1017 (9th Cir. 2013)....................................................10

*Gardiner v. Walmart Inc.*
2021 WL 2520103 (N.D. Cal. March 5, 2021) .......................................................20

*Hammerling v. Google LLC*
615 F. Supp. 3d 1069 (N.D. Cal. 2022).............................................................16

*Heiting v. Marriott International*
743 F.Supp.3d 1163 (C.D. Cal. 2024)...................................................................6

*Holly v. Alta Newport Hosp., Inc.*
2020 WL 616457 (C.D. Cal. Oct. 21, 2020) .........................................................20

*Hubbard v. Google LLC*
2024 WL 3302066 (N.D. Cal. July 1, 2024) ..........................................................16

*In re iPhone Application Litig.*
844 F.Supp.2d 1040 (N.D. Cal. 2012)..................................................................16

*Jones v. Micron Tech., Inc.*
400 F. Supp. 3d 897 (N.D. Cal. 2019)..................................................................22

*Kay v. Wells Fargo & Co. N.A.*
2007 WL 2141292 (N.D. Cal. July 24, 2007) ........................................................25

*In re Kia Hyundai Vehicle Theft Litig.*
2024 WL 2104571 (C.D. Cal. Apr. 22, 2024).........................................................23

*Koehler v. Litehouse, Inc.*
2012 WL 6217635 (N.D. Cal. Dec. 13, 2012) .......................................................21

*Larsen v. Vizio, Inc.*
2015 WL 13655757 (C.D. Cal. Apr. 21, 2015).......................................................22

*Lewand v. Mazda Motor of Am., Inc.*
2017 WL 7080291 (C.D. Cal. Aug. 8, 2017) .........................................................21

*Low v. LinkedIn Corp.*
900 F.Supp.2d 1010 (N.D. Cal. 2012)...........................................................13, 15

*M.G v. Therapymatch, Inc.*
2024 WL 4219992 (N.D. Cal. Sept. 16, 2024).......................................................12

*Marsh v. First Bank of Delaware*
2014 WL 2085199 (N.D. Cal. May 19, 2014) ...................................3, 13, 19, 22

*Mastel v. Miniclip SA*
549 F.Supp.3d 1129 (E.D. Cal. 2021) .......... 7, 8

*Mavrix Photo, Inc. v. Brand Tech., Inc.*
647. F.3d 1218, 1223 (9th Cir. 2011) .......... 4

*May v. Google LLC*
2024 WL 4681604 (N.D. Cal. Nov. 4, 2024) .......... 25

*Mazza v. Am. Honda Motor Co.*
666 F.3d 581 (9th Cir. 2012) .......... 22, 23

*McCluskey v. Hendricks*
2021 WL 6773140 (C.D. Cal. Nov. 17, 2021) .......... 16

*McFall v. Perrigo Co.*
2021 WL 2327936 (C.D. Cal. Apr. 15, 2021) .......... 24

*In re Meta Pixel Healthcare Litig.*
647 F.Supp.3d 778 (N.D. Cal. 2022) .......... 12

*Moody v. Textron Inc.*
2025 U.S. Dist. LEXIS 140667 (C.D. Cal. July 2, 2025) .......... 3, 4, 5

*Moore v. Rodriguez*
2021 WL 2222590 (S.D. Cal. June 2, 2021) .......... 17

*Moreno v. S.F. Bay Area Rapid Transit Dist.*
2017 WL 6387764 (N.D. Cal. Dec. 14, 2017) .......... 13

*Mosqueda v. Am. Honda Motor Co.*
443 F.Supp.3d 1115 (C.D. Cal. 2020) .......... 23

*In re Nickelodeon Consumer Privacy Litig.*
827 F.3d 262 (3d Cir. 2016) .......... 11

*Noe v. Ray Realty*
2024 WL 5508198, *19 (S.D.N.Y. July 22, 2024), *adopted*, 2025 WL 958407 (S.D.N.Y. Mar. 31, 2025) .......... 23

*O'Donnell v. United States*
891 F.2d 1079 (3d Cir. 1989) .......... 18

*Opperman v. Path, Inc.*
2016 WL 3844326 (N.D. Cal. July 15, 2016) .......... 23

*Pepka v. Kohl's Dep't Stores, Inc.*
2016 WL 8919460 (C.D. Cal. Dec. 21, 2016)....................20

*Phan v. Sargento Foods, Inc.*
2021 WL 2224260 (N.D. Cal. June 2, 2021)....................22

*Picot v. Weston*
780 F.3d 1206 (9th Cir. 2015)....................2, 3

*Plumlee v. Pfizer, Inc.*
2014 WL 695024 (N.D. Cal. Feb. 21, 2014)....................24

*R.C. v. Walgreen Co.*
733 F.Supp.3d 876 (C.D. Cal. 2024)....................14

*Ranza v. Nike, Inc.*
793 F.3d 1059 (9th Cir. 2015)....................2

*Revitch v. New Moosejaw, LLC*
2019 WL 5485330 (N.D. Cal. Oct. 23, 2019)....................10

*Rodriguez v. Google*
2021 WL 2026726 (N.D. Cal. May 21, 2021)....................11

*Rodriguez v. Google LLC*
2022 WL 214552 (N.D. Cal. Jan. 25, 2022)....................8

*Route v. Mead Johnson Nutrition Co.*
2013 WL 658251 (C.D. Cal. Feb. 21, 2013)....................22

*Ruiz v. Gap, Inc.*
540 F.Supp.2d 1121 (N.D. Cal. 2008)
*aff'd*, 380 Fed. Appx. 689 (9th Cir. 2010)....................16

*Saleh v. Nike, Inc.*
562 F.Supp.3d 503 (C.D. Cal. 2021)....................11

*Schwarzenegger v. Fred Martin Motor Co.*
374 F.3d 797 (9th Cir. 2004)....................3

*Shah v. Hilton Worldwide Holdings Inc.*
2025 WL 1683577 (N.D. Cal. June 11, 2025)....................6

*Sidney-Vinstein v. A.H. Robins Co.*
697 F.2d 880 (9th Cir. 1983)....................20

*Smith v. Facebook, Inc.*
745 F.App'x 8 (9th Cir. 2018) .......... 10, 14

*Teeter v. Easterseals-Goodwill N. Rocky Mountain, Inc.*
2023 WL 2330241 (D. Mont. Mar. 2, 2023) .......... 19

*Thomas v. Papa Johns Int'l, Inc.*
2024 WL 2060140 (S.D. Cal. May 8, 2024) .......... 11, 15, 16

*Torres v. Prudential Fin., Inc.*
2025 WL 1135088 (N.D. Cal. Apr. 17, 2025) .......... 7, 8

*Tsonev v. Kia Motors Am., Inc.*
2016 WL 10000244 (C.D. Cal. Nov. 9, 2016) .......... 22

*U.S. v. Christensen*
828 F.3d 763 (9th Cir. 2016) .......... 17, 18

*Valenzuela v. Keurig Green Mountain, Inc.*
674 F.Supp.3d 751 (N.D. Cal. 2023) .......... 7, 8

*Vargas v. JP Morgan Chase Bank, N.A.*
30 F.Supp.3d 945 (C.D. Cal. 2014) .......... 25

*Vartanian v. VW Credit, Inc.*
2012 WL 12326334 (C.D. Cal. Feb. 22, 2012) .......... 18

*Walden v. Fiore*
571 U.S. 277 (2014) .......... 3, 4

*Wescott v. Google, LLC*
2024 WL 3849345 (N.D. Cal. Aug. 15, 2024) .......... 19

*Zinser v. Accufix Rsch. Inst., Inc.*
253 F.3d 1180 (9th Cir.), *opinion amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001) .......... 23

**STATE CASES**

*Miller v. Nat'l Broad. Co.*
187 Cal.App.3d 1463 (1986) .......... 18

*Doe v. Cedars-Sinai Health Sys.*
2024 WL 3303516 (Cal. Super. Ct. June 5, 2024) .......... 10

*Flanagan v. Flanagan*
41 P.3d 575 (Cal. 2002) .... 9

*Hernandez v. Hillsides, Inc.*
47 Cal.4th 272 (2009) .... 15

*Hill v. NCAA*
7 Cal.4th 1 (1994) .... 15

*Howard v. Aspen Way Enters., Inc.*
406 P.3d 1271 (Wyo. 2017) .... 23

*Lozano v. City of Los Angeles*
73 Cal. App. 5th 711 (2022) .... 17

*Mauri v. Smith*
324 Or. 476 (1996) .... 18

*Parnoff v. Aquarion Water Co.*
188 Conn.App. 153 (2019) .... 18

*People v. Nakai*
183 Cal.App.4th 499 (2010) .... 10, 13

*People v. Sup. Ct. (Smith)*
70 Cal.2d 123 (1969) .... 17

*Sullivan v. Oracle Corp.*
51 Cal.4th 1191 (2011) .... 21

*Taus v. Loftus*
40 Cal.4th 683 (2007) .... 18

**FEDERAL: STATUTES, RULES, REGULATIONS**

45 C.F.R. § 160.103 .... 12, 14

45 C.F.R. § 164.500(a) .... 12

**STATE: STATUTES, RULES, REGULATIONS**

California Penal Code
§ 631 ....................2, 7, 8, 9, 15
§ 631(a) ....................7, 8, 9, 17
§ 632 .................... *passim*
§ 632(a) .................... 9
§ 632(c) .................... 9

**OTHER AUTHORITIES**

Restatement 2d of Torts § 652B .................... 18

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 17, 2025, at 1:30 p.m. or as soon thereafter a counsel may be heard, in Courtroom 6A, 6th Floor, First Street U.S. Courthouse, Los Angeles, CA, Defendant Criteo Corp. ("Criteo") will and hereby does move the Court for an order dismissing Plaintiff Justin Brewer's ("Plaintiff" or "Brewer") First Amended Class Action Complaint (the "FAC") under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) and striking Plaintiff's nationwide class and tolling allegations under Federal Rule of Civil Procedure 12(f). Specifically, Criteo moves that the Court dismiss the FAC in its entirety under Rule 12(b)(2) because Criteo is not subject to the personal jurisdiction of the Court. In the alternative, Criteo asks that, pursuant to Rule 12(b)(6), the Court dismiss the FAC as to Criteo because it fails to state any claim against Criteo, and that, pursuant to Rule 12(f), the Court strike the nationwide class claims with respect to the claims for common law invasion of privacy and negligence against Criteo, and strike the tolling allegations.

This Motion is based on this notice, the supporting memorandum of points and authorities and declaration of Tenaya Rodewald concurrently filed herewith, the pleadings and records on file in this action, all matters of which the Court may take judicial notice, and any other arguments or evidence that may be presented in support of this Motion.

This Motion is made following conference of counsel pursuant to Local Rule 7-3, which took place on September 5, 2025. Declaration of Tenaya Rodewald, filed herewith, ¶ 4. During the meet and confer, counsel for Criteo, Tenaya Rodewald, Mark Ratway, and Samuel Z. Hyams-Millard, conferred over Zoom with counsel for Plaintiff, Steven Sukert. *Id.* At this conference, the issues raised in the Motion were discussed in real time but were unable to be resolved at that time. *Id.* Subsequent to the meet and confer, Plaintiff's counsel represented that Plaintiff made a binding commitment to drop Claims 3 and 4 (alleging Unfair Competition Law and Breach of Confidence claims) as to Criteo, as well as to make minor modifications to the

language of the class definitions. *Id.* ¶ 5. Accordingly, Criteo does not move as to those specific issues.

Dated: Sept. 12, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *_/s/ Tenaya Rodewald_*

TENAYA RODEWALD
THOMAS DILLICKRATH
MARK RATWAY
SAMUEL HYAMS-MILLARD
*Attorneys for Defendant Criteo Corp.*

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Justin Brewer's ("Plaintiff's") First Amended Class Action Complaint ("FAC") asserts four privacy-based causes of action against Criteo (for violation of CIPA sections 631 and 632 (Claims 1, 2), and constitutional and common law invasion of privacy (Claims 5, 6)), and a negligence claim (Claim 7).[1] These claims are based on the allegation that CVS installed unspecified Criteo "trackers" on public, unauthenticated parts of CVS's website and thereby sent data to Criteo. The FAC is rife with defects. As an initial matter, it utterly fails to allege facts sufficient for this Court's personal jurisdiction over Criteo. It otherwise is insufficient, confusing and misleading. While the FAC attempts to distract the Court with discussion of "identifiable" "medical" information (governed by "HIPAA"), no such information is at issue here. The sole remaining plaintiff, Justin Brewer, did not use any portion of defendant CVS's website that provides medical services (FAC ¶¶ 102-110), and does not allege Criteo's "trackers" were on any pharmacy or medical services pages either. (*E.g.*, *Id.* ¶ 67 (referring to CVS's general webpage).) He used the *public* portion of CVS's website—that sells everything from Halloween candy to trash bags, breakfast cereal to laundry detergent. Furthermore, he used that portion of the site as a *guest*, without logging in to any account, or even alleging that he provided any information such as his name that could identify him as an individual. (*Id.* ¶ 105.) That he claims he happened to search for unspecified over-the-counter products related to a "medical condition" and "sexual health products" does ***not*** convert any information into "PII" or "medical information," and does ***not*** provide a basis for a claim. California law is clear that a Plaintiff does not have a reasonable expectation of privacy in browsing an unauthenticated, public, general-item website. And it is equally clear Plaintiff cannot establish any information related to him is identifiable medical information or protected under HIPAA. Any discussion about "medical information," "HIPAA" and

---

[1] Plaintiff Getz dismissed his claims. (ECF No. 51.) Additionally, Plaintiff Brewer made a binding commitment to drop Claims 3 and 4 (Unfair Competition Law and Breach of Confidence) against Criteo, and so those claims are no longer at issue.

"PII" is a red herring, and unrelated to Plaintiff, to his allegations, and to Criteo.

Plaintiff's claims against Criteo fail for numerous additional reasons. Plaintiff does not allege that Criteo read any of his data in transit as required for his CIPA § 631 claim. He does not allege Criteo had the intent necessary for any of his privacy claims. For his negligence claim, he does not adequately allege Criteo owed him any duty, breached any duty or caused him the required harm. Nor can he assert the common law invasion of privacy and negligence claims against Criteo on behalf of any nationwide class, since doing so violates both due process and California's choice of law rules. Finally, he does not adequately allege tolling and cannot use the delayed discovery rule to expand the temporal scope of his or the purported classes' claims.

Criteo should be dismissed for lack of personal jurisdiction, or in the alternative, all claims against Criteo should be dismissed for failure to state a claim, and the nationwide class and tolling allegations should be stricken.

# I. THE COURT LACKS PERSONAL JURISDICTION OVER CRITEO

A plaintiff must either sufficiently allege general jurisdiction, *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014), or specific jurisdiction "for each claim asserted against a defendant." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (internal quotations omitted). If jurisdiction is challenged, the plaintiff bears the burden of demonstrating that the court has jurisdiction. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). Although "the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss," he "cannot simply rest on the bare allegations of [his] complaint." *Id*.

## A. <u>This Court Lacks General Jurisdiction Over Criteo.</u>

"With respect to a corporation, the place of incorporation and principal place of business are paradigm . . . bases for general jurisdiction." *Daimler*, 571 U.S. at 137, 139. Criteo is *not* incorporated in California, and does *not* have its principal place of business here. (FAC ¶ 10.) Accordingly, general jurisdiction does not apply.

**B. This Court Lacks Specific Jurisdiction Over Criteo.**

A three-prong test is used to determine whether specific jurisdiction exists:

> (1) The non-resident defendant must ***purposefully direct*** his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which ***arises out of or relates to*** the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with ***fair play and substantial justice***, i.e., it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citation omitted, emphasis added). "***The plaintiff bears the burden of satisfying the first two prongs of the test*** . . . If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.*; *Moody v. Textron Inc.*, 2025 U.S. Dist. LEXIS 140667, *7 (C.D. Cal. July 2, 2025) (Court, J.).

**1. There was no purposeful direction.**

When, as here, a plaintiff alleges *tort* claims by an out-of-state defendant, the "purposeful direction" (sometimes called the *Calder* "effects test") applies, and to demonstrate purposeful direction, the plaintiff must allege the defendant "(1) committed an intentional act[2], (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co. Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002); *Moody*, 2025 U.S. Dist. LEXIS 140667, *8. Plaintiff fails to meet this test.

*First*, Plaintiff does not plead any facts demonstrating that Criteo intentionally committed an act expressly aimed at California. Plaintiff's only potential allegation is the wholly conclusory assertion that personal jurisdiction exists because "[Defendants] regularly conduct business in California, Plaintiffs reside in California, and a

[2] An intentional act is one committed with the "intent to perform an actual, physical act in the real world." *Picot*, 780 F.3d at 1212, 1214 (citation omitted). It is "insufficient to rely on a defendant's 'random, fortuitous, or attenuated contacts.'" *Walden v. Fiore*, 571 U.S. 277, 286 (2014). Rather, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.*, 284.

substantial part of the events giving rise to Plaintiffs' claims occurred in California." (FAC ¶ 11.) Plaintiff provides no facts to support this as to Criteo. Although allegations in the complaint must be taken as true at the motion to dismiss stage, "[t]he plaintiff cannot 'simply rest on the bare allegations of its complaint[,]'" *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647. F.3d 1218, 1223 (9th Cir. 2011); *Conohan v. Gen Digital, Inc.*, 2025 WL 864655 (C.D. Cal. 2025) (court lacked personal jurisdiction because plaintiff only alleged "barebones allegations linking Defendant's conduct to California").

Plaintiffs do not allege what "business" Criteo allegedly conducts in California. Indeed, the FAC is completely devoid of allegations that Criteo's challenged conduct had anything to do with California.[3] Plaintiff's only allegations related to California are that he is a California resident visited the Website while in California. (FAC ¶¶ 13, 102.) But Plaintiff cannot establish personal jurisdiction based on his contact with the forum. *Walden*, 571 U.S. at 291 (For personal jurisdiction, "it is the defendant, not the plaintiff or third parties, who must create contacts with the forum State.").

In a recent CIPA case where the defendant website owner challenged personal jurisdiction, Your Honor held:

> Though the FAC alleges that Defendant "has purposely directed its activities to the Central District of California by regularly engaging with individuals in California through its website" and its "illegal conduct is directed at and harms California residents," The allegation that the data can "be used to market and advertise directly to Plaintiff in California" also falls short of establishing Defendant's knowledge of Plaintiff's location, let alone purposeful direction. Moreover, "[t]he fact the plaintiff suffers an injury in the forum state alone is insufficient to demonstrate purposeful direction."

*Moody*, 2025 U.S. Dist. LEXIS 140667, *9. Here, *Criteo is not even the owner or operator of the website at issue*. Rather, ***CVS*** owns and operates the website, placed any Criteo tracker on the website, and allegedly utilized Criteo's services to send data to Criteo. (*E.g.*, FAC ¶¶ 65, 131.) The allegations relating to Criteo are even more

---

[3] For example, Plaintiff alleges that "CVS contracted with Criteo for the implementation of the Criteo Trackers on its Website." (FAC ¶ 65.) But Plaintiff admits the CVS defendants are Delaware companies based in Rhode Island (*id*. ¶¶ 15, 16), so contacts between Criteo and CVS are not relevant to jurisdiction in California.

deficient than the allegations in *Moody*, and indeed, factual allegations concerning Criteo's purposeful direction are completely non-existent.

Nor can Plaintiff rely on *Briskin v. Shopify, Inc.*, 135 F.4th 739 (9th Cir. 2025) to argue jurisdiction exists here. *Briskin* made clear that "'something more' than mere passive nationwide accessibility [is] required to show express aiming at the forum state and, thus, satisfy due process." *Id*. at 752. In addition, as applied to the internet context, "'something more' than just a foreseeable effect' in the forum state" is required for specific jurisdiction. *Id.* at 753 (*citing Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1158 (9th Cir. 2006).) Rather, the defendant must target the forum "[a]s part of its regular course of business" and "exercise some level of control" over its contact with the forum state. *Briskin*, 135 F.4th at 755. Neither element can be established here nor are there any facts to suggest that both elements can be satisfied.

Indeed, the allegations against Criteo come nowhere near those alleged in *Briskin*, in which the Ninth Circuit found purposeful direction where plaintiff alleged that "while knowing that the device [plaintiff] was using to shop was located in California, [defendant] surreptitiously implanted cookies that permanently remained on [plaintiff's] device, tracked its physical location, and collected data regarding [plaintiff's] online shopping activity" and then used the consumer's data to target California merchants. *Briskin*, 135 F.4th at 746. No such facts are alleged as to Criteo.

*Second*, Plaintiff also fails to plead any facts at all that Criteo ***knew*** Plaintiff was likely to be harmed in California. *Burri L. PA v. Skurla*, 35 F.4th 1207, 1215 (9th Cir. 2022) (knowledge prong focuses on whether defendant knew conduct was "likely to cause [plaintiff] harm in the forum state"). Again, the present case is unlike *Briskin*, when Shopify allegedly collected geolocation data and knew plaintiff was in California before it installed software onto his device in California and tracked his activities. *Briskin*, 135 F.4th at 746. No facts allege Criteo's knowledge of Plaintiff's location. *See Moody*, 2025 U.S. Dist. LEXIS 140667, * 9 ("The allegation that the data can 'be used to market and advertise directly to Plaintiff in California' also falls short of

establishing Defendant's knowledge of Plaintiff's location, let alone purposeful direction."); *Shah v. Hilton Worldwide Holdings Inc.*, 2025 WL 1683577, *2 (N.D. Cal. June 11, 2025) (no personal jurisdiction in part because "[t]here are no allegations that Hilton Holdings knew the location of particular devices.").

Simply put, nothing links Criteo and Plaintiff's claims to California beyond the allegations that Plaintiff is a citizen of California and he happened to be in California when accessing the Website. Accordingly, the purposeful direction test is not met.

**2. Plaintiff's claims do not relate to any California contacts.**

Not only does Plaintiff not allege any contacts by Criteo with California, he also cannot show his claims arise from or relate to any such contacts.[4]

**3. Jurisdiction does not comport with fair play and substantial justice.**

There are no allegations that Criteo's activities target California in a way that it would expect to have to litigate claims such as Plaintiff's in California courts. Thus, exercising jurisdiction here does not comport with fair play and substantial justice.

## II. PLAINTIFF FAILS STATE ANY CLAIM AGAINST CRITEO

### A. Legal Standard Under Rule 12(b)(6)

Under Rule 12(b)(6), a motion to dismiss should be granted when the complaint fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "'Nor must the Court 'assume the truth of legal conclusions merely because they are cast in the

[4] *See, e.g., Heiting v. Marriott International*, 743 F.Supp.3d 1163 (C.D. Cal. 2024) (Staton) (no specific personal jurisdiction over Marriott). As an international hotel chain, Marriott conducted business in California. However, the lawsuit concerned Marriott's website, not its California operations. *Id.* at 1167. As such, the Court disregarded Marriott's "substantial amount of business in California" because plaintiff "does not show (and cannot show) any relationship between Marriott's general business in California and her cause of action." *Id.* at 1171.

form of factual allegations.' Mere 'conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.'" *Ahmed v. Cty. of Santa Clara*, 2021 WL 105620, *3 (N.D. Cal. Jan. 12, 2021) (citations omitted). A complaint will not survive if its factual allegations "do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

**B. Plaintiff Fails to Allege a Violation of CIPA § 631(a) (Claim 1).**

Section 631(a) is violated if a person "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit." Cal. Penal Code § 631. In a conclusory manner, Plaintiff alleges Criteo violated this provision. (FAC ¶ 139 ("Criteo . . . violate[s] CIPA by directly and indirectly intercepting these communications through the Website without informed consent.")). Plaintiff fails to plausibly allege this claim for numerous reasons.

**1. Plaintiff fails to plausibly allege Criteo read or attempted to read his communications while they were in transit.**

The plain language of Section 631(a) requires the plaintiff to allege the defendant "read[], or attempt[] to read, or to learn the contents or meaning of [plaintiff's communication]. . . while the same is in transit." Cal. Penal Code § 631(a). "'While' is the key word here." *Valenzuela v. Keurig Green Mountain, Inc.*, 674 F.Supp.3d 751, 758 (N.D. Cal. 2023). So "the crucial question under § 631(a)'s second clause is whether [Plaintiff] has plausibly alleged that [Criteo] read one of his communications while it was still in transit, i.e., before it reached its intended recipient." *Mastel v. Miniclip SA*, 549 F.Supp.3d 1129, 1137 (E.D. Cal. 2021) (dismissing for failure to adequately allege this element). "Though section 631 does not define 'read' or 'attempt to read,' courts generally conclude that liability under prong two of section 631 'requires some effort at understanding the substantive meaning of the message, report or communication.'" *Torres v. Prudential Fin., Inc.*, 2025 WL 1135088, *5 (N.D. Cal. Apr. 17, 2025) (quoting *Williams v. DDR Media,*

*LLC*, 757 F.Supp.3d 989, 995 (N.D. Cal. 2024)).

Plaintiff fails to allege Criteo read or attempted to read Plaintiff's communications while they were in transit to CVS. Thus, for example, in *Torres*, the court held it was not sufficient to allege the defendant 'intercepted' a communication in real-time, but only *later* analyzed it. *Torres*, 2025 WL 1135088, *5 (rejecting assertion that "section 631 liability attaches even if the 'attempt' to understand the contents of a communication occurs when the contents are stored and no longer in transit.") Judge Breyer explained that imposing liability in such circumstances "would stretch CIPA's statutory language too far" and would improperly sweep into CIPA §631(a)'s purview "any hypothetical future attempt[s] to read or understand the meaning of a communication." *Id.*

While *Torres* is a summary judgment opinion, its holding is based on the plain language of Section 631(a). Consequently, to adequately plead a claim, Plaintiff must plausibly allege facts meeting the language of the statute—i.e., facts to plausibly allege that Criteo *read or attempted to read* Plaintiff's communication *while it was in transit*. *Id.*; *Mastel*, 549 F.Supp.3d at 1137; *see also*, *e.g.*, *Rodriguez v. Google LLC*, 2022 WL 214552, *2 (N.D. Cal. Jan. 25, 2022) ("[u]sing the word 'intercept' repeatedly is simply not enough"); *Valenzuela*, 674 F.Supp.3d at 758 (plaintiff must do more than "restate the pleading requirement of real time interception").

At best, Plaintiff makes a conclusory allegation Criteo was sent communications "before they reached CVS' server," and claims Figures 12, 13 show some data of a hypothetical user visit being sent to Criteo. But those allegations do not address "the crucial question under § 631(a)'s second clause [of] whether [plaintiff] has plausibly alleged that [Criteo] ***read*** one of his communications ***while*** it was still in transit, i.e., before it reached its intended recipient." *Mastel*, 549 F.Supp.3d at 1137 (emphasis added); *Torres*, 2025 WL 1135088, *7. No facts plausibly allege Criteo read or attempted to read data while it was in transit (i.e., before reaching CVS).[5]

[5] In fact, Plaintiff's allegations suggest that reading (if any) occured ***after*** data is

Finally, the allegations concerning non-party Adobe in FAC ¶¶ 23-62 are irrelevant. Those paragraphs do not allege that Criteo intercepted any information from CVS's website ***nor*** that Criteo read or attempted to read information while in transit.

In sum, Plaintiff fails to plausibly allege Criteo "read, attempted to read, or learn" the contents of his communications while they were in transit to CVS. His CIPA § 631(a) claim must be dismissed on this basis.

**2. The Section 631 Claim fails for additional reasons.**

**No Intent.** The Section 631 claim also independently fails because Plaintiff fails to adequately allege the intent element, as explained in Section II.E below.

**No Injury**. Finally, the Section 631 claim fails for the additional reason that Plaintiff has not adequately alleged any injury under CIPA, as argued by CVS.

**C. <u>Plaintiff Fails to Allege a Violation of CIPA § 632(a) (Claim 2).</u>**

Penal Code Section 632 creates criminal liability for "[a] person who, intentionally and without the consent of all parties to a confidential communication, uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication . . . ." Cal. Penal Code § 632(a). The statute defines "confidential communication" as one "carried on ***in circumstances*** as may reasonably indicate that any party to the communication desires it to be confined to the parties" but excludes a communication in "any other circumstance in which the parties []may reasonably expect that the communication may be overheard or recorded." *Id.* § 632(c) (emphasis added). "[A] conversation is confidential under Section 632 if a party to that conversation has an ***objectively*** reasonable expectation that the conversation is not being overheard or recorded." *Flanagan v. Flanagan*, 41 P.3d 575, 576 (Cal. 2002) (emphasis added). Thus, the ***circumstances*** of the communication (not only its

---

stored. For example, Plaintiff alleges "Criteo offers 'Lookalike Audiences' that permit its customers to target new customers whose browsing and purchasing behaviors resemble its existing users." (*Id.* ¶ 64.) This does not even allege use of *Plaintiff's data*, *or* use of data received *from CVS's website*, and certainly does not allege reading of data while it is in transit.

contents) must objectively demonstrate a reasonable expectation of confidentiality. "'To prevail against a 12(b)(6) motion, then, [plaintiff] would have to allege facts that would lead to the plausible inference that his was a confidential communication—that is, a communication that he had an objectively reasonable expectation was not being recorded.'" *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1020 (9th Cir. 2013).

**1. Plaintiff fails to plausibly allege an objectively reasonable expectation of privacy.**

Plaintiff did not have an objectively reasonable expectation of privacy in his use of the public, unauthenticated portions of CVS's Website as a guest. (FAC ¶¶ 103, 105.) "California appeals courts have generally found that Internet-based communications are not 'confidential' within the meaning of [S]ection 632" because they are recorded and can easily be shared by their recipients. *Campbell v. Facebook, Inc.*, 77 F.Supp.3d 836, 849 (N.D. Cal. 2014). Thus, "in California, courts have developed a presumption that Internet communications"—specifically including "browsing activity"—"do not reasonably give rise" to an expectation of confidentiality. *Revitch v. New Moosejaw, LLC*, 2019 WL 5485330, *3 (N.D. Cal. Oct. 23, 2019) (collecting cases and holding "browsing activity" is not confidential); *Doe v. Cedars-Sinai Health Sys.*, 2024 WL 3303516, *4 (Cal. Super. Ct. June 5, 2024) (dismissing CIPA claims because "IP addresses, webpages, and doctors' names are not confidential communications"); *see also, e.g., Smith v. Facebook, Inc.*, 745 F.App'x 8, 8 (9th Cir. 2018) (holding "browsing data from various healthcare-related websites" is not protected health information and affirming dismissal). Even "private" emails, chats, and other internet communications are not confidential under Section 632. *People v. Nakai*, 183 Cal.App.4th 499, 518–19 (2010) (even though defendant intended his Yahoo instant messages to be private, he could not have a reasonable expectation of confidentiality and Section 632 did not apply); *Campbell*, 77 F.Supp.3d at 849 (same re private Facebook messages); *Cline v. Reetz-Laiolo*, 329 F.Supp.3d 1000, 1051–52 (N.D. Cal. 2018) (same re private emails).

Similarly, courts recognize that "[g]enerally, the internet is not a place where users have a reasonable expectation of privacy." *Thomas v. Papa Johns Int'l, Inc.*, 2024 WL 2060140, *1 (S.D. Cal. May 8, 2024) (collecting cases). *See also, e.g.*, *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 266 (3d Cir. 2016) ("Most of us understand that what we do on the Internet is not completely private."); *D'Angelo v. Penny Opco, LLC*, 2023 WL 7006793, *10-11 (S.D. Cal. Oct. 24, 2023) ("accepted community norms around conversations in this type of space (a commercial website for selling merchandise) point away from a reasonable expectation of privacy."); *Saleh v. Nike, Inc.*, 562 F.Supp.3d 503, 524-25 (C.D. Cal. 2021) (no reasonable expectation of privacy in plaintiff's activity on Nike's website).

Furthermore, because a plaintiff must allege that the circumstances demonstrate an objectively reasonable expectation of privacy, to "rebut[] California's presumption against online confidentiality," as defined in CIPA Section 632, plaintiffs must "plead unique, definite, circumstances" that shows an "objectively reasonable expectation that . . . nobody . . . would record the [online] communications." *Rodriguez v. Google,* 2021 WL 2026726, *7 (N.D. Cal. May 21, 2021) (cleaned up).

Plaintiff does not meet this requirement. Plaintiff alleges he used the *public*, unauthenticated portion of the CVS Website that sells everything from holiday candy to trash bags. While it is true that CVS also provides regulated pharmacy services, Plaintiff ***does not allege he used those services or any portions of the CVS Website providing those services.*** Plaintiff does not allege that he was a patient, or that CVS was his healthcare provider, or that he use the CVS pharmacy, the "minute clinic," vaccine pages, or appointment pages. Indeed, the allegations concerning HIPAA and PHI—the only allegations concerning any purported reasonable expectation of privacy (FAC, ¶¶ 77-85)—*are wholly irrelevant to Plaintiff*.[6] Plaintiff alleges no facts

[6] Moreover, there are no allegations that Criteo's technology existed anywhere on the CVS website other than the public, unauthenticated portion. No allegations even hint that Criteo's technology existed on pharmacy pages, minute clinic pages, vaccine pages, scheduling pages, etc., or that Criteo ever received any data from such pages.

whatsoever to show that HIPAA applies to his interactions with the CVS website. It does not.[7] Rather, he alleges he used the portion of the Website that is open to all users, without creating an account or logging in, *i.e.*, the part that is not dedicated or confined to health information but rather that can be used to shop for a multitude of generic products, just like a CVS physical store. The circumstances of ***Plaintiff's*** use of the CVS website, and the portions he used, fall squarely within the California caselaw holding that internet based communications—even "private" communications—are not confidential. *See* cases p. 10-11 *supra*; *cf. B.K. v. Desert Care Network*, 2024 WL 1343305, *9 (C.D. Cal. Feb. 1, 2024) (plaintiff adequately pleaded reasonable expectation of privacy ***when logged in to a provider portal***, but plaintiffs' claims were dubious as to their browsing histories on public-facing websites).

As in *Desert Care Network*, some courts have concluded the presumption of non-confidentiality is rebutted for "[c]ommunications made ***in the context of a patient-medical provider relationship***." *In re Meta Pixel Healthcare Litig.*, 647 F.Supp.3d 778, 799 (N.D. Cal. 2022) (emphasis added); *see also M.G v. Therapymatch, Inc.*, 2024 WL 4219992, *5 (N.D. Cal. Sept. 16, 2024) (website was "a mental healthcare conduit"). But Plaintiff does not allege he was a patient, or that CVS was his medical provider, or that he used the pharmacy or clinical services on CVS's website.

Finally, it is insufficient that Plaintiff alleges that in some instances he browsed for or purchased unspecified "health" and "sexual" products. The law requires ***the objective circumstances*** of Plaintiff's communications demonstrate a reasonable expectation of confidentiality—which is not shown by pointing to the contents of

---

For this reason as well, FAC, ¶¶ 77-85, are irrelevant to Criteo.

[7] For HIPAA to apply, Plaintiff must establish that defendants are "covered entities" (i.e., healthcare providers) and that his information is "protected health information" ("PHI"). *See* 45 C.F.R. § 164.500(a) (HIPAA only applies to "covered entities"); 45 C.F.R. § 160.103 (defining covered entities as a "health plan," "health care clearinghouse" or "health care provider" and defining "health care provider" as only specific types of providers of health care). Plaintiff does not allege that CVS was his health care provider. And as explained below (Section II.C.2), Plaintiff cannot show that any information at issue is protected health information under HIPAA.

particular communications.[8] *E.g.*, *Nakai*, 183 Cal.App.4th 499, 518–19 (no reasonable expectation of confidentiality in sexually-explicit chat messages sent to a single other person); *Campbell*, 77 F.Supp.3d at 849 (same re private Facebook messages); *Cline*, 329 F.Supp.3d at 1051–52 (same re private emails).

Put simply, browsing the general, public, unauthenticated CVS Website comes squarely within the line of cases holding that internet communications are not confidential. Plaintiff alleges no facts about the circumstances of ***his*** website browsing to establish ***his*** reasonable expectation of privacy and remove this case from the general rule in California. Accordingly, his Section 632 claim fails for this reason.

**2. Plaintiff does not establish any of his identifiable, or confidential health information was transmitted to Criteo.**

*First,* Plaintiff fails to adequately allege that any information that could identify him as an individual was disclosed to Criteo. Plaintiff alleges he used the CVS website as a "guest" and does not allege he provided any information (name, email, etc.) that could identify him. (FAC ¶¶ 93-101.) Moreover, ***he does not allege that Criteo received any data that could identify him*** or be matched to ***his identity***. *Id*. Even if he had alleged transmission of "his" sensitive information (which he has not, as explained below), transmission of anonymous information is not a privacy violation. *See, e.g., Moreno v. S.F. Bay Area Rapid Transit Dist.*, 2017 WL 6387764, *8 (N.D. Cal. Dec. 14, 2017) (plaintiff did not allege a privacy violation where she did not allege that she provided her contact information, so there was no plausible allegation that the App tracked plaintiff's location as opposed to some anonymous clientid not matched to any particular person.); *Low v. LinkedIn Corp.*, 900 F.Supp.2d 1010, 1025 (N.D. Cal. 2012) (disclosure of LinkedIn ID with browsing data insufficient to state a privacy violation).

*Second*, as also explained by CVS, Plaintiff fails to adequately specify what

[8] This makes sense for the additional reason that a defendant cannot know what conduct is prohibited if application of the statute is triggered solely by the contents of specific communications—because a defendant would not have access to the contents until after it had already recorded the communication.

information related to him was disclosed to Criteo. Plaintiffs simply asserts that his browsing activity relates to "over-the-counter medical products relating to a serious medical condition" and "private sexual health products." (FAC ¶¶ 103, 196.) But this is improperly vague. *See Cousin v. Sharp Healthcare*, 681 F.Supp.3d 1117, 1124 (S.D. Cal. 2023) (dismissing claims based on allegations regarding "sensitive personal and health information" for failing to "explain what personal or health information [plaintiffs] entered on the webpage").[9] Moreover, Plaintiff does not allege what information (***if any***) was actually transmitted ***to Criteo***. *See, e.g.*, *Doe v. Davita Inc.*, 2024 WL 1772854, *2 (S.D. Cal. Apr. 24, 2024) (rejecting an example disclosure of information for a hypothetical patient, and explaining plaintiffs must "explain what specific information they provided to Defendant.")

*Third*, HIPAA does not apply, and information about Plaintiff's activity on the public, general-purpose portions of CVS's Website is not medical information or Protected Health Information ("PHI") under HIPAA. To be covered information under HIPAA, information must be "individually identifiable health information ("IIHI")" which is a "subset of health information" meeting specific criteria. *See* 45 C.F.R. § 160.103.[10] Plaintiff does not and cannot allege facts to show any information related to him meets these criteria. Indeed, data about browsing public portions of websites, even of hospital websites, is not PHI. *AHA v. Becerra*, 738 F.Supp.3d 780, 802, 807 (N.D. Tex. 2024) (vacating Department of Health and Human Services Bulletin, and holding that browsing activity on the public portions of healthcare provider websites "does not and cannot identify an individual or the individual's PHI"); *Smith*, 745 F.App'x at 8

[9] *See also, e.g.*, *Doe v. Amgen, Inc.*, 2024 WL 575248, *2 (C.D. Cal. Jan. 29, 2024) (dismissing where plaintiff's allegations concerning her data were conclusory); *cf. R.C. v. Walgreen Co.*, 733 F.Supp.3d 876, 893 (C.D. Cal. 2024) (declining to dismiss where plaintiffs alleged "specific products" (*e.g.*, Monistat and diabetes test kits) purchased "to treat specific health conditions" (*e.g.*, yeast infections and diabetes)).

[10] IIHI is information: (1) created by a health care provider; (2) relating to the past, present, or future physical or mental health condition of an individual; the provision of health care or payment for the provision of health care to an individual; *and also either* (i) identifies the individual or (ii) there is a reasonable basis to believe the information can be used to identify the individual. 45 C.F.R. § 160.103.

(browsing data from healthcare-related websites is not protected health information).

Thus, Plaintiff entirely fails to state facts to support that any of his identifiable confidential or medical information was transmitted to Criteo.

**3. The Section 632 Claim fails for additional reasons.**

**No Intent.** Plaintiff's claim fails for the additional (and independent) reason that he does not allege the required intent element, as explained in Section II.E below.

**No Injury**. Finally, as with the Section 631 claim, Plaintiff also has no injury.

**D. Plaintiff Fails to Allege Claims of Invasion of Privacy under the Common Law or California Constitution (Claims 5, 6)**

A California Constitutional invasion of privacy requires Plaintiff to show that: (1) he has a legally protected privacy interest; (2) he has a reasonable expectation of privacy; and (3) an intrusion so serious as to constitute an egregious breach of the social norms. *Hernandez v. Hillsides, Inc.*, 47 Cal.4th 272, 287 (2009). Similarly, for common law intrusion upon seclusion, Plaintiff must allege Criteo (1) intentionally intruded into a place, conversation, or matter as to which he has a reasonable expectation of privacy, and (2) the intrusion was highly offensive to a reasonable person. *Id*. at 286. "The California Constitution and the common law set a high bar for an invasion of privacy claim." *Low*, 900 F.Supp.2d at 1025.

**1. No Reasonable Expectation of Privacy**

This inquiry largely parallels the "confidential" analysis under section 632 of CIPA, which asks whether an individual had "an objectively reasonable expectation" of privacy. *Hill v. NCAA*, 7 Cal.4th 1, 37 (1994). But, as explained, "[g]enerally, the internet is not a place where users have a reasonable expectation of privacy." *Papa Johns.*, 2024 WL 2060140, *1. *See* Section II.C.1, *supra*. Plaintiff does not plead any facts to establish that he had any objectively reasonable expectation of privacy in his use of the public, general-purpose portions of the CVS website. *Id*. Moreover, Plaintiff also fails to adequately plead that any information related to him was sensitive or private. Section II.C.2, *supra*. Because Plaintiff fails to allege facts sufficient to support

a privacy interest, he cannot, in turn, allege any reasonable expectation of privacy.

**2. No Highly Offensive Intrusion**

Plaintiff fails to plead that any intrusion into a protected privacy interest here was "highly offensive." That element "set[s] a high bar for an invasion of privacy claim," *Belluomini v. Citigroup Inc.*, 2013 WL 5645168, *3 (N.D. Cal. Oct. 16, 2013) (quotation marks omitted), and confines the tort to the sort of conduct that sparks outrage in a reasonable person. Here, Plaintiff's does not provide facts regarding how any alleged intrusion was highly offensive. His only allegation (FAC ¶ 186) is vague and conclusory and cannot withstand a motion to dismiss. *See Papa Johns Int'l, Inc.*, 2024 WL 2060140, *7 (dismissing because the "allegations directed to the 'highly offensive' element are conclusory"); *McCluskey v. Hendricks*, 2021 WL 6773140, *6 (C.D. Cal. Nov. 17, 2021) (plaintiff failed to allege "in a more than conclusory manner" that accessing posts of a private Instagram account is considered 'highly offensive').

Moreover, the routine collection of information from unauthenticated, public webpages does not constitute a highly offensive intrusion.[11] *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1090 (N.D. Cal. 2022) ("data collection and disclosure to third parties that is 'routine commercial behavior' is not a 'highly offensive'. . . "[e]ven disclosure of highly personal information."); *Hubbard v. Google LLC*, 2024 WL 3302066, *7–8 (N.D. Cal. July 1, 2024) (online tracking is "ubiquitous, commercial behavior" that is not "highly offensive").

**3. Claims 5 and 6 fail for additional reasons.**

**No Intent.** As explained in Section II.E below, both of Plaintiff's invasion of privacy claims also fail because Plaintiff fails to adequately allege the required intent.

---

[11] Even disclosure of personal information, including social security numbers, does not constitute an "egregious breach of the social norms" to establish an invasion of privacy claim. *See, e.g.*, *In re iPhone Application Litig.*, 844 F.Supp.2d 1040, 1063 (N.D. Cal. 2012)(holding disclosure of unique device identifier number, personal data, and geolocation information did not constitute an egregious breach of privacy); *Ruiz v. Gap, Inc.*, 540 F.Supp.2d 1121, 1127–28 (N.D. Cal. 2008) *aff'd*, 380 Fed. Appx. 689 (9th Cir. 2010) (theft of laptop containing social security numbers of job applicants did not constitute an egregious breach of privacy).

**No Damages.** Plaintiff's constitutional privacy claim also fails as he seeks only damages for this claim. (FAC ¶ 188-191.) "California's 'constitutional provision protecting the right of privacy ... supports a cause of action for an injunction' but it does not confer on a litigant a private right of action for damages." *Moore v. Rodriguez*, 2021 WL 2222590, * 20 (S.D. Cal. June 2, 2021) (dismissing invasion of privacy claim because the plaintiffs only sought "damages, and not an injunction, as relief").

**E. Plaintiff Fails to Allege the Requisite Intent for Claims 1, 2, 5 and 6.**

Plaintiff fails to adequately allege the intent necessary to state his Claims 1, 2, 5 and 6. To plead intent, Plaintiff must allege facts plausibly showing that Criteo "purposefully and deliberately" acquired confidential communications without consent, *U.S. v. Christensen*, 828 F.3d 763, 790 (9th Cir. 2016)—not merely that it was aware that CVS was sending information and failed to prevent it. He does not do so.

As criminal statutes, Penal Code Sections 631 and 632 (Claims 1 and 2) require intentional conduct. Cal. Penal Code § 631(a) (prohibiting defendant from "willfully" reading a communication in transit without consent), § 632 (making liable a person who "intentionally and without the consent of all parties" records a confidential communication).[12] Indeed, Section 632(a)'s intent requirement is satisfied ***only if*** Plaintiff alleges sufficient facts to show "the person using the recording equipment [did] so with the *purpose or desire* of recording a ***confidential*** conversation, or with the *knowledge to a substantial certainty* that his use of the equipment will result in the recordation of a ***confidential*** conversation." *People v. Sup. Ct. (Smith)*, 70 Cal.2d 123, 134 (1969) (emphases added).[13] This means Plaintiff must plead "*specific factual*

---

[12] *Doe v. Google LLC*, 741 F.Supp.3d 828, 844 (N.D. Cal. 2024) ("CIPA liability only extends to willful or intentional conduct, so even if some private health information is inadvertently sent to Google—and subsequently gets integrated into the reports—the plaintiffs fail to plausibly allege Google is intentionally reading or learning the contents of the plaintiffs' private health communications.")

[13] *See also, e.g.*, *People v. Sup. Ct. of Los Angeles Cnty.*, 70 Cal. 2d 123, 133 (1969) ("[I]t is not the purpose of the statute to punish a person who intends to make a recording but only a person who intends to make a recording of a confidential communication."); *Lozano v. City of Los Angeles*, 73 Cal. App. 5th 711, 728 (2022)

*circumstances* that make plausible *[Criteo's] intent* to record *a confidential communication*." *Vartanian v. VW Credit, Inc.*, 2012 WL 12326334, *2 (C.D. Cal. Feb. 22, 2012) (emphases added); *Christensen*, 828 F.3d at 791 (Plaintiff must allege facts showing that "the defendant[s] acted consciously and deliberately with the *goal* of intercepting" a confidential information (emphasis added).)

Similarly, for common law and constitutional invasion of privacy (Claims 5, 6), California applies § 652B of the Restatement 2d of Torts which requires an intentional intrusion. *Taus v. Loftus*, 40 Cal.4th 683, 724 (2007). In particular, *"[t]he unintended or mistaken foray into the territory of another does not give rise to liability." Miller v. Nat'l Broad. Co*., 187 Cal.App.3d 1463, 1483 (1986). Thus, a defendant must believe or be substantially certain that the act will intrude into ***a private area***. *Id.*[14]

No facts allege that Criteo intended recorded *confidential* communications, intentionally intruded into an area it *believed was private*, or even that Criteo knew any data was confidential or transmitted to it without consent.[15] In fact, there are no allegations that Criteo technology existed *on any portion of the CVS website* that would have private or medical data. (Fn. 6, *supra*.) Plaintiff fails to adequately allege that Criteo received any such data, let alone that Criteo *intended* to receive such data. He fails to allege the intent element of Claims 1, 2, 5 & 6.

## F. <u>Plaintiff Fails to Allege a Negligence or Negligence Pe Se Claim (Claim 7)</u>

"To state a claim for negligence under California law, a plaintiff must plausibly allege: (1) a legal duty to use due care, (2) a breach of that legal duty, and (3)

---

(no intent under CIPA where allegations showed only that defendant "understood it was deploying recording devices that *might* happen to record a confidential communication—not that the [defendant] intended to record those communications").

[14] Courts across the nation following the Restatement similarly hold that conduct must be intentional—meaning that the defendant believes, or is substantially certain, that he lacks the necessary legal or personal permission. *See, e.g., O'Donnell v. United States*, 891 F.2d 1079, 1083 (3d Cir. 1989); *Mauri v. Smith*, 324 Or. 476, 484 (1996); *Parnoff v. Aquarion Water Co*., 188 Conn.App. 153, 174 (2019).

[15] *See, e.g.*, *Caraccioli v. Facebook, Inc.*, 167 F.Supp.3d 1056, 1063 (N.D. Cal. 2016) (where plaintiffs consented, intrusion claim failed because there was no "*intent* on the part of the tortfeasor.")

proximate cause between the breach and the plaintiff's injury." *Wescott v. Google, LLC*, 2024 WL 3849345, *3 (N.D. Cal. Aug. 15, 2024) (citing *Brown v. USA Taekwondo*, 483 P.3d 159, 213 (Cal. 2021).)

*First,* Plaintiff cannot establish that Criteo owed him a duty. Plaintiff alleges in conclusory fashion that Criteo owed him a "duty to safeguard and not disclose" his information. (*See* FAC ¶¶ 206.) Yet, there is no factual or legal basis for this assertion. Absent from the FAC are allegations showing any sort of relationship between Plaintiff and Criteo that would create a duty. Simply put—"Plaintiff fails to plead the existence of any facts regarding the source of and the nature of [Criteo's] purported duty." *Wescott*, 2024 WL 3849345, at *3 (dismissing because "Plaintiff cannot rely on conclusory allegations to state a claim for relief" and even though plaintiff was a customer, he failed to plead facts sufficient to determine the source and nature of defendant's purported duty). Accordingly, Plaintiff's conclusory allegations that Criteo owed him a "duty to safeguard and not disclose" his browsing information are insufficient to support that any duty was owed.

Nor can Plaintiff claim HIPAA provides a duty. First, HIPAA does not provide any private right of action and so cannot be the source of a duty under a negligence claim. *Austin v. Atlina*, 2021 WL 6200679, *3 (N.D. Cal. Dec. 22, 2021) ("Because there is no private right of action under HIPAA, plaintiff's HIPAA claim is not cognizable under common law"); *Teeter v. Easterseals-Goodwill N. Rocky Mountain, Inc.*, 2023 WL 2330241, *4 (D. Mont. Mar. 2, 2023). Put simply, Plaintiff cannot use negligence law to bring a claim under HIPAA where Congress has declined to grant a HIPAA private right of action.

Second, Plaintiff fails to allege that HIPAA imposes a duty *on Criteo*. (FAC ¶ 207.) HIPAA is irrelevant to Plaintiff's allegations. *See* Sections II.C.1 & II.C.2 *supra*. Moreover, HIPAA only regulates specific "covered entities"—and Plaintiff fails to allege any facts to show Criteo is a "covered entity" (it is not). *See* fn. 7 *supra*.

*Second,* Plaintiff fails to adequately allege that Criteo breached any duty.

Plaintiff's only allegation in this regard is the incoherent statement "Defendants breached their duty to maintain the privacy of Plaintiffs' and Class Members' sensitive and protected medical information and individually identifiable information disclosed and intercepted communications containing this information without Plaintiffs' and Class Members' knowledge or consent, as described above." (FAC, ¶ 210.) But Plaintiff does not allege any facts to establish Criteo disclosed any information or failed to maintain the privacy of any information. Accordingly, it is entirely unclear from this language what specific actions Criteo took to breach a duty.

*Third*, Plaintiffs cannot state a claim for negligence because the "injury" alleged by Plaintiffs is not, in fact, an "actual damages or injury" that is sufficient for a negligence claim. *See Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) (explaining that negligence claims require "actual loss"); *see also Holly v. Alta Newport Hosp., Inc.*, 2020 WL 616457, *5 (C.D. Cal. Oct. 21, 2020) (dismissing negligence claim because "conclusory and vague allegations" were insufficient to establish plaintiff suffered actual damages as a result of the data breach); *Gardiner v. Walmart Inc.*, 2021 WL 2520103, *7 (N.D. Cal. March 5, 2021) (same). Here, Plaintiff alleges only that he suffered "an invasion of [his] privacy rights" as a result of the alleged disclosure. (FAC ¶ 211.) This speculative, conclusory allegation, devoid of factual support, is insufficient to establish injury for purposes of pleading the damages element of a negligence claim.

## III. THE NATIONWIDE CLASS ALLEGATIONS SHOULD BE STRICKEN

Rule 12(f) permits the court to strike "any redundant, immaterial, impertinent, or scandalous matter" to prevent "the expenditure of time and money that must arise from litigating spurious issues." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "Rule 12(f) also grants courts the authority to strike class allegations that cannot possibly move forward on a classwide basis." *Pepka v. Kohl's Dep't Stores, Inc.*, 2016 WL 8919460, *1 (C.D. Cal. Dec. 21, 2016) (collecting cases).

Criteo agrees the Court should strike the nationwide class allegations for the

reasons stated by CVS. Additionally, however, the nationwide class allegations for invasion of privacy and negligence[16] should be stricken as to Criteo because applying California law to non-California class members' claims against Criteo would violate due process and California's choice of law framework.

First, the Due Process Clause "prohibits application of a state law unless that state has a 'significant contact or significant aggregation of contacts' with 'the parties and the occurrence or transaction' giving rise to the litigation." *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 308 (1981). Furthermore, "California law embodies a presumption against the extraterritorial application of its statutes." *Churchill Vill., L.L.C. v. Gen. Elec. Co.*, 169 F.Supp.2d 1119, 1126 (N.D. Cal. 2000), *aff'd* 361 F.3d 566 (9th Cir. 2004); *Sullivan v. Oracle Corp*., 51 Cal.4th 1191, 1207 (2011) (same). Courts regularly dismiss California law claims brought by non-California plaintiffs against non-California defendants where (as here) there is no indication the conduct occurred in California. *See Lewand v. Mazda Motor of Am., Inc.*, 2017 WL 7080291, *3 (C.D. Cal. Aug. 8, 2017) (dismissing California UCL and CLRA claims alleged by non-California residents against non-California defendants); *Koehler v. Litehouse, Inc.*, 2012 WL 6217635, *7 (N.D. Cal. Dec. 13, 2012) (same; and explaining any other result would "violate the presumption against the extraterritorial application of California laws and raise significant due process issues").

Here, Criteo is a Delaware company based in New York. (FAC ¶ 17.) Non-California class members have no connection to California either. They were in their home states, interacting with CVS (a Delaware company based in Rhode Island), when their communications were allegedly intercepted by Criteo (a Delaware company based in New York). As such, no tortious conduct took place in California. Thus, it would violate due process for non-California class members to assert California invasion of privacy or negligence claims against Criteo, and these nationwide class allegations should be stricken.

[16] These are the only claims as to which a nationwide class is asserted as to Criteo.

Additionally, the nationwide class allegations should be stricken under *Mazza* and California choice of law rules. *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 585 (9th Cir. 2012) (rejecting application of California law to a nationwide class). While *Mazza* was decided at the class certification stage, many courts have held that its analysis can and should be conducted at the pleadings stage. *See, e.g.*, *Davison v. Kia Motors Am., Inc.*, 2015 WL 3970502, *2 (C.D. Cal. June 29, 2015) (dismissing nationwide class claims); *Larsen v. Vizio, Inc.*, 2015 WL 13655757, *3 (C.D. Cal. Apr. 21, 2015) (same); *Tsonev v. Kia Motors Am., Inc.*, 2016 WL 10000244, *5 (C.D. Cal. Nov. 9, 2016) (same); *Route v. Mead Johnson Nutrition Co.*, 2013 WL 658251, *8 (C.D. Cal. Feb. 21, 2013) (same).

Further, applying *Mazza* at the outset and dismissing Plaintiff's nationwide class allegations will promote efficiency and judicial economy: Criteo should not be required to bear the heavy burden of class-related discovery for claims that Plaintiff cannot, as a matter of law, pursue on behalf of absent putative class members. *Phan v. Sargento Foods, Inc.*, 2021 WL 2224260, *6–7 (N.D. Cal. June 2, 2021) (it would "make little sense" to "wait until class certification proceedings to resolve it given the burdens class certification and other class-related discovery imposes on the parties"); *see also Jones v. Micron Tech., Inc.*, 400 F. Supp. 3d 897, 910-11 (N.D. Cal. 2019).

Under *Mazza*, California's three-step "governmental interest test" determines which state's law applies. *Mazza*, 666 F.3d at 590. This test asks: (1) whether the relevant law of the potentially affected jurisdictions is the same or different; (2) each jurisdiction's interest in the application of its own law to determine whether a true conflict exists; and (3) the strength each jurisdiction's interest in the application of its own law to determine which state's interest would be more impaired if its law were not applied. *Id*. As in *Mazza*, here, non-California class members' negligence and invasion of privacy claims should be governed by their home states' laws. *Id*. at 594.

***(1) Material conflicts exist among the states' laws.*** Courts routinely find that the fifty states' laws "differ with regard to negligence." *E.g.*, *Marsh v. First Bank of*

*Delaware*, 2014 WL 2085199, *6 (N.D. Cal. May 19, 2014) (summarizing the multitude of differences); *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1188 (9th Cir.), *opinion amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001); *In re Kia Hyundai Vehicle Theft Litig.*, 2024 WL 2104571, *9 (C.D. Cal. Apr. 22, 2024) (same, and striking class allegations). Courts have also found that the states' laws differ materially on common law invasion of privacy and/or intrusion upon seclusion—in particular because not every state even recognizes this claim. *Opperman v. Path, Inc.*, 2016 WL 3844326, *9 (N.D. Cal. July 15, 2016) (rejecting arguments that "most states" recognize intrusion upon seclusion); *Howard v. Aspen Way Enters., Inc.*, 406 P.3d 1271, 1275 (Wyo. 2017) (citing survey of differences among jurisdictions for common law invasion of privacy); *Noe v. Ray Realty*, 2024 WL 5508198, *19 (S.D.N.Y. July 22, 2024) (New York has no common law right to privacy, only statutory privacy rights), *adopted*, 2025 WL 958407 (S.D.N.Y. Mar. 31, 2025).

***(2) Each state has an interest in applying its own laws***. This analysis is straightforward: "all 50 states have an interest in having their own laws applied to the consumer transactions that took place within their borders[.]" *Darisse v. Nest Labs, Inc.*, 2016 WL 4385849, *14 (N.D. Cal. Aug. 15, 2016); *see also Mazza*, 666 F.3d at 592; *Mosqueda v. Am. Honda Motor Co.*, 443 F.Supp.3d 1115, 1125 (C.D. Cal. 2020).

***(3) Applying California law to out-of-state plaintiffs would significantly impair the other states' interests.*** California's "interest in applying its law to residents of foreign states is attenuated." *Mazza*, 666 F.3d at 594. "California recognizes that with respect to regulating or affecting conduct within its borders, the place of the wrong has the predominant interest." *Mazza*, 666 F.3d at 593 (quoting *Hernandez v. Burger*, 102 Cal. App. 3d 795, 802 (1980)). As explained above, there is no possible allegation that any wrong as to out-of-state class members took place in California. (*See* p. 21.) Thus, California negligence and invasion of privacy law cannot apply to a nationwide class, and these nationwide class claims should be struck. *Mazza*, 666 F.3d at 585; *see also Mosqueda*, 443 F.Supp.3d at 1126 (concluding "each state at

issue would be impaired in its ability to protect consumers within its borders if California law were applied to all claims of the nationwide class"); *McFall v. Perrigo Co.*, 2021 WL 2327936, *18 (C.D. Cal. Apr. 15, 2021) (concluding "other jurisdictions' interests in applying their own consumer protection laws to their own residents strongly outweighs any interest California may have to apply its consumer protection laws to potential out-of-state class members on the face of the FAC"); *Darisse*, 2016 WL 4385849, *15 (similar).

## IV. THE COURT SHOULD STRIKE THE TOLLING ALLEGATIONS

Plaintiff apparently alleges "tolling" of the statute of limitations under the "discovery rule" in an attempt to expand the scope of his and the putative class claims. (FAC ¶¶ 111-114.) However, he fails to meet the bare minimum pleading standard to invoke tolling and so these allegations should be stricken. Plaintiff should not be permitted to burden Criteo with an expanded scope of this litigation when he so obviously fails to even plead sufficient facts for this.

"[T]he discovery rule postpones accrual of a claim until 'the plaintiff discovers, or has reason to discover, the cause of action.'" *Bettles v. Toyota Motor Corp.*, 645 F.Supp.3d 978, 983 (C.D. Cal. 2022) (internal quotations and citations omitted.) To successfully plead the discovery rule, a plaintiff must allege "(1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Plumlee v. Pfizer, Inc*., 2014 WL 695024, *8 (N.D. Cal. Feb. 21, 2014) (detailing the allegations required in a complaint to support the discovery rule); *Abels v. Bank of Am., N.A*., 2012 WL 691790, *3 (N.D. Cal. Mar. 2, 2012) (to invoke tolling "the plaintiff must allege specific facts explaining the failure to learn of the basis for the claim within the statutory period rather than relying on generalities.").

Here, Plaintiff's alleges a few entirely conclusory and vague paragraphs that are not sufficient to plead the discovery rule. (FAC, ¶¶ 111-114); *See Abels,* 2012 WL 691790 *3 (finding allegations that the offensive conduct was "discovered within the last few months" was "too general and conclusory to avoid the statute of limitations

bar" or invoke the discovery rule).

Similarly, Plaintiff does not allege how he was prevented from learning about the web tracking technology at issue. He claims that "the technologies CVS embedded on the Website are not visible to the user" (FAC ¶ 113), but does not allege any of his reasonable diligence—including why the prominent cookie popup and privacy notice on CVS's website, that explicitly disclose the tracking technologies, did not alert him. Simply put, Plaintiff cannot invoke the discovery rule to toll the statute of limitations as he fails to plead "specific facts explaining the failure to learn the basis for the claim within the statutory period" *Vargas v. JP Morgan Chase Bank, N.A.*, 30 F.Supp.3d 945, 949 (C.D. Cal. 2014) (dismissing tolling allegations where plaintiff merely alleges an improper disclosure as the basis for equitable tolling); *see May v. Google LLC*, 2024 WL 4681604, *10 (N.D. Cal. Nov. 4, 2024) (striking tolling allegations regarding consumer claims where plaintiff "failed to allege sufficient facts, such as their diligence or any affirmative deceptive conduct by Defendants" in support of tolling allegations); *Kay v. Wells Fargo & Co. N.A.,* 2007 WL 2141292, *6 (N.D. Cal. July 24, 2007) (granting motion to strike on the basis that plaintiff failed to adequately plead facts to justify equitable tolling such as an alleged scheme or that the putative class members could not have discovered the scheme despite exercising due diligence).

Plaintiffs have failed to plead the elements of the discovery and therefore cannot toll the statute of limitations for their Claims. Accordingly, paragraphs 111–114 of the FAC should be stricken as they are immaterial and impertinent and Plaintiff's claims must be limited to the applicable statute of limitations periods.

## V. CONCLUSION

For the foregoing reasons, Criteo respectfully requests the Court grant this Motion and dismiss Plaintiff's First Amended Complaint for lack of personal jurisdiction, or in the alternative, dismiss for failure to state a claim and strike its deficient nationwide class and tolling allegations.

Dated: Sept. 12, 2025 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *_/s/ Tenaya Rodewald_*

TENAYA RODEWALD
THOMAS DILLICKRATH
MARK RATWAY
SAMUEL HYAMS-MILLARD
*Attorneys for Defendant Criteo Corp.*