SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
TENAYA RODEWALD, Cal Bar No. 248563
trodewald@sheppardmullin.com
1540 El Camino Real, Suite 120
Menlo Park, CA 94025
Telephone: 650.815.2600
Facsimile: 650.815.2601

THOMAS DILLICKRATH, *admitted pro hac vice*
tdillickrath@sheppardmullin.com
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
Telephone: 202.747.1900
Facsimile: 202.747.1901

Attorneys for Defendants CRITEO CORP.

*Additional Counsel Listed on Next Page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NEIL GETZ and JUSTIN BREWER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CVS HEALTH CORPORATION, CVS PHARMACY, INC., CRITEO CORP., and MEDALLIA, INC.,<br><br>Defendants. | Case No. 2:25-cv-04689-MWC-E<br><br>Judge: Hon. Michelle Williams Court, Courtroom. 6A<br><br>**DEFENDANT CRITEO CORP. REPLY IN SUPPORT OF MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(2) and 12(b)(6) AND MOTION TO STRIKE UNDER FED. R. CIV. P. 12(f);**<br><br>Date: October 24, 2025<br>Time: 1:30 p.m.<br>Dept: Courtroom 6A, 6th Floor<br>Judge: Hon. Michelle Williams Court |

MARK RATWAY, *admitted pro hac vice*
mratway@sheppardmullin.com
2200 Ross Avenue, 20th Floor
Dallas, TX 75201
Telephone: 469.391.7400
Facsimile: 469.391.7401

SAMUEL HYAMS-MILLARD, Cal Bar No. 317941
shyams-millard@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947

JENNIFER N. LE, Cal Bar No. 307755
jle@sheppardmullin.com
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
Telephone: 213.620.1780
Facsimile: 213.620.1398

Attorneys for Defendants CRITEO CORP.

# TABLE OF CONTENTS

Page

I. THERE IS NO PERSONAL JURISDICTION OVER CRITEO ..................... 1
II. PLAINTIFF FAILS STATE ANY CLAIM AGAINST CRITEO.................... 3
A. Plaintiff Fails to Allege a Violation of CIPA § 631(a) (Claim 1). ......... 3
B. Plaintiff Fails to Allege a Violation of CIPA § 632(a) (Claim 2). ......... 5
C. Plaintiff Fails to Allege Claims of Invasion of Privacy under the Common Law or California Constitution (Claims 5, 6) ......................... 7
D. Plaintiff Fails to Allege the Requisite Intent for Claims 1, 2, 5 and 6. ........................................................................................ 8
E. Plaintiff Fails to Allege a Negligence or Negligence Pe Se Claim (Claim 7) ......................................................................................... 9
III. THE NATIONWIDE CLASS ALLEGATIONS SHOULD BE STRICKEN............................................................................................ 11
IV. THE COURT SHOULD STRIKE THE TOLLING ALLEGATIONS .......... 12
V. CONCLUSION ..................................................................................... 12

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*AHA v. Becerra*
738 F.Supp.3d 780 (N.D. Tex. 2024) ........ 1, 7

*Augustine v. Great Wolf Resorts, Inc.*
2024 WL 3450967 (S.D. Cal. July 18, 2024) ........ 3, 4

*Briskin v. Shopify, Inc.*
135 F.4th 739 (9th Cir. 2025) ........ 1, 2

*Byars v. Goodyear Tire & Rubber Co.*
654 F. Supp. 3d 1020 (C.D. Cal. 2023) ........ 6

*Calder v. Jones*
465 U.S. 783 (1984) ........ 1, 2

*Doe I v. Google LLC*
741 F. Supp. 3d 828 (N.D. Cal. 2024) ........ 9

*Doe v. GoodRx Holdings, Inc.*
2025 WL 2052302 (N.D. Cal. July 22, 2025) ........ 5

*James v. Walt Disney Co.*
701 F. Supp. 3d 942 (N.D. Cal. 2023) ........ 5

*Licea v. American Eagle Outfitters, Inc.*
2023 WL 2469630 (C.D. Cal. Mar. 7, 2023) ........ 4

*Mehta v. Robinhood Fin. LLC*
2021 WL 6882392 (N.D. Cal. Sept. 8, 2021) ........ 10

*Moody v. Textron Inc.*
2025 WL 2025597 (C.D. Cal. July 2, 2025) (Court, J.) ........ 2, 3

*R.C. v. Walgreens*
733 F. Supp. 3d 876 (C.D. Cal. 2024) ........ 8

*Roy v. Contra Costa Cnty.*
2015 WL 5698743 (N.D. Cal. Sept. 29, 2015) ........ 3

*Shah v. Hilton Worldwide Holdings Inc.*
2025 WL 1683577 (N.D. Cal. June 11, 2025) .......... 2, 3

*St. Aubin v. Carbon Health Techs., Inc.*
2024 WL 4369675 (N.D. Cal. Oct. 1, 2024) .......... 8

*Stasi v. Inmediata Health Grp. Corp.*
501 F.Supp.3d 898 (S.D. Cal. 2020) .......... 10

*Thomas v. Papa Johns Int'l, Inc.*
2024 WL 2060140 (S.D. Cal. May 8, 2024) .......... 7

*United States v. Forrester*
512 F.3d 500 (9th Cir. 2008) .......... 7

*United States v. Herrington*
2021 WL 3487992 (D. Vt. Aug. 9, 2021) .......... 7

*Valenzuela v. Nationwide Mut. Ins. Co.*
686 F.Supp.3d 969 (C.D. Cal. 2023) .......... 4

**STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

California Civil Code § 1798.81.5(d)(1) .......... 7

California Penal Code
§ 631(a) .......... 3, 4
§ 632(a) .......... 5, 6

**OTHER AUTHORITIES**

https://www.w3schools.com/tags/ref_httpmethods.asp .......... 3

Plaintiff once again attempts to distract the Court with discussion of "PHI", vaccine and "MinuteClinic" appointment scheduling, and the like—all of which are irrelevant. ***Plaintiff*** did not use anything but the unauthenticated, public, general-merchandise portions of the CVS website. He is not a patient and did not receive medical services. Nothing he did involved "PHI." Moreover, ***no factual allegations*** indicate that ***Criteo*** tracking technology was present on any pharmacy, prescription, appointment, Minute Clinic, vaccine or medical services pages, or on any pages having anything to do with "patients", or that Criteo ever received any PHI. At best, the allegations are that Criteo tracking technology was present on the general-merchandise, public portions of the CVS website. Put simply, no facts connect Plaintiff's rhetoric about medical privacy ***to Plaintiff or to Criteo***.[1]

Rather than adequately addressing Criteo's arguments, Plaintiff consistently insinuates facts that simply are not in his First Amended Complaint ("FAC"). Putting aside these phantom facts, it is clear that Plaintiff does not establish personal jurisdiction over Criteo and does not adequately state any claims.

## I. THERE IS NO PERSONAL JURISDICTION OVER CRITEO

Plaintiff concedes that this Court does not have general personal jurisdiction over Criteo and focuses on specific jurisdiction. Opp. at 4. However, as Criteo showed, Plaintiff does not meet two of the three elements of the specific personal jurisdiction test. He does not plead any facts demonstrating that Criteo intentionally committed an act *expressly aimed at California* (Mot. at 3-5), nor facts that Criteo *knew* that Plaintiff was located in California and likely to be harmed here. Mot. at 5-6. Accordingly, this case is unlike both *Calder* and *Briskin*. In *Calder*, the following considerations led to the finding of jurisdiction: (i) the *National Enquirer* published

[1] Likewise, the purported "wave of cases" Plaintiff cites, and purported "conclusions" by HHS and the FTC (Opp. at 2-3), are irrelevant and did not involve allegations "similar" to *Plaintiff's* allegations. Among other things, those cases and conclusions concerned patients and their medical providers' websites. *See also AHA v. Becerra*, 738 F.Supp.3d 780, 802, 807 (N.D. Tex. 2024) (vacating HHS's conclusion that browsing activity on the public portions of healthcare provider websites is PHI).

an alleged libel concerning the California activities of a known California resident, impugning her professionalism related to her California-centered career (*Calder v. Jones*, 465 U.S. 783, 788 (1984)); (ii) the reporter called sources in California (*id*. at 785–86); and (iii) California was by far the magazines' largest market. *Id.* at 785. And in *Briskin*, defendant Shopify allegedly collected geolocation data and knew the plaintiff was in California *before* it installed software onto his device in California, tracked its physical location, and then used the consumer's data to target California merchants. *Briskin v. Shopify, Inc.,* 135 F.4th 739, 746 (9th Cir. 2025).[2] The defendants in *Calder* and *Briskin knew* plaintiff was in California *and* took subsequent affirmative acts related to California. Neither factor is alleged here.[3]

Plaintiff's Opposition tries to rely on statements that are *not in the pleadings*. Plaintiff states that Criteo "create[s] audience maps of CVS' customers by their geographic location" and "collects Website users' precise geolocation data . . . and uses that location data to connect its advertising customers with 'audiences,' including in California." Opp. at 6. But Plaintiff provides no citations to the FAC supporting these statements.[4] Indeed, the FAC does not allege Criteo collects or uses geographic information or aims any conduct at California. However, the basis for personal jurisdiction must be in the operative pleading, and "Plaintiff may not amend the FAC

---

[2] Nor is it correct for Plaintiff to characterize *Briskin* as holding that "cultivat[ing] a nationwide audience for commercial gain" is enough to establish personal jurisdiction in California. Opp. at 6. Rather, in the internet context, "'something more' than just a foreseeable effect' in the forum state" is required (*Briskin*, 135 F.4th at 753), and the defendant must target the forum "[a]s part of its regular course of business" and "exercise some level of control" over its contact with the forum. *Id*. at 755.

[3] Instead, this case is similar to *Moody* and *Shah* where personal jurisdiction was lacking because plaintiff did not establish "Defendant's knowledge of Plaintiff's location, let alone purposeful direction." *Moody v. Textron Inc.*, 2025 WL 2025597, *4 (C.D. Cal. July 2, 2025) (Court, J.); *Shah v. Hilton Worldwide Holdings Inc.*, 2025 WL 1683577, *2 (N.D. Cal. June 11, 2025).

[4] Similarly, Plaintiff incorrectly says that Criteo purportedly "targeted" individuals based on "geographic location" and allegedly used data it knew originated from California users to target them. (Opp. at 4-5, 6-7.) ***None*** of the cited allegations (FAC ¶¶ 8, 34, 64-65, 104), or any other allegations in the FAC, support these statements.

in opposition to a motion to dismiss." *Moody*, 2025 WL 2025597, *4.

Finally, Plaintiff fails to distinguish this Court's ruling in *Moody*, while completely ignoring the authority cited in *Shah*. Plaintiff argues that the defendant in *Moody* was the operator of a website and simply fulfilled GET requests, and that here, Criteo "purposely directed the GET requests to a nationwide audience on CVS website, including in California." Opp. at 6. But this assertion is incoherent, irrelevant, *and entirely absent from the FAC*.[5] Furthermore, Plaintiff ignores that here, as in *Moody* and *Shah*, there are no allegations showing Criteo had knowledge of the Plaintiff's location in California. Accordingly, the FAC must be dismissed.

## II. PLAINTIFF FAILS STATE ANY CLAIM AGAINST CRITEO

### A. Plaintiff Fails to Allege a Violation of CIPA § 631(a) (Claim 1).

Plaintiff makes the bare assertion that "the communications *were* intercepted while in transit" and cites to his Opposition to CVS's Motion to Dismiss. Opp. at 9. But nothing in his assertion ***or*** in Plaintiffs Opposition to CVS's Motion addresses or controverts Criteo's argument that Criteo does not ***read*** communications ***while in transit*** – which is necessary for a Section 631 claim. *See* Mot. at 7-9 (showing Section 631 requires that communications be ***read while*** in transit, which the FAC does not allege); *compare* ECF 52 [Plaintiff's Opp. to CVS Motion] at 10-11 (not ever addressing whether communications were ***read*** while in transit). Therefore, Plaintiff has conceded Criteo's argument that the FAC fails to allege the necessary element of reading while in transit. *Roy v. Contra Costa Cnty.*, 2015 WL 5698743, *3 (N.D. Cal. Sept. 29, 2015) (failing to address an argument in opposition concedes the argument).

Instead, Plaintiff now tries to assert his claim arises under a different "basis" in Section 631. Section 631 contains four clauses or prongs imposing liability on one:

---

[5] Plaintiff cannot possibly allege Criteo "directed GET requests to Website users in California" because that is not how the internet works. GET requests are only made ***by*** website visitors' browsers ***to*** servers. *Augustine v. Great Wolf Resorts, Inc.*, 2024 WL 3450967, *5 (S.D. Cal. July 18, 2024) (a "GET request" is sent by a visitor to the website's server); *see also* https://www.w3schools.com/tags/ref_httpmethods.asp. Only website visitors (like Plaintiff) "direct" GET requests.

> **[1]** [who] by means of any machine, instrument, or contrivance . . . intentionally taps, , . . . any telegraph or telephone wire, line, cable, or instrument . . . , or
>
> **[2]** who **willfully** and without the consent of all parties . . . **reads**, or attempts to read, or to learn the contents or meaning of any message, report, or communication **while the same is in transit** . . . within this state; or
>
> **[3]** who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, **any information so obtained**, or
>
> **[4]** who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause . . . **any of the acts or things mentioned above**.

Penal Code § 631(a). Thus, rather than arguing he has met the requirements of clause 2, Plaintiff now argues that his claim arises under clause 3 (the "use" clause) and/or 4 (the aiding and abetting clause). Opp. at 9-10. Plaintiff's new argument fails.

First, the FAC does not allege that ***Criteo*** violated clause 3 or 4. *See* FAC ¶¶ 124-143. Rather, the FAC only alleges Criteo violated clause 2 by purportedly "intercepting" communications. *Id.* ¶ 139; *see also, e.g.*, *id.* ¶ 141. Plaintiff alleges ***CVS*** violated clause 4 by purportedly "aiding and abetting" Criteo's reception of information. *E.g.*, FAC at Headings E & F; *id.* ¶¶ 4, 100, 109, 129, 139.

Moreover, Plaintiff's assertion that "whether Criteo 'read' the intercepted information 'while in transit' is immaterial to whether Plaintiff has stated a claim" is flat out wrong and contradicted by the text of the statute and the caselaw. Specifically, clause 3 requires use of "information ***so obtained***"—namely, by violation of clause 1 or 2. *Augustine*, 2024 WL 3450967, *8 ("'A violation of Clause Three is contingent upon a violation of Clauses One or Two.'") (citation omitted). Similarly, clause 4 requires aiding and abetting one of the three clauses "mentioned above." *Augustine*, 2024 WL 3450967, *4. In the internet context, to state ***any*** claim under Section 631, Plaintiff must establish a violation of clause 2. *See id.*; *Licea v. American Eagle Outfitters, Inc.*, 2023 WL 2469630, *4 (C.D. Cal. Mar. 7, 2023) (clause 1 does not apply to the internet). None of Plaintiff's cited cases say otherwise.[6] Further, as Criteo

[6] Plaintiff's cases support Criteo's argument. *E.g., Valenzuela v. Nationwide Mut. Ins. Co*., 686 F.Supp.3d 969, 978-79 (C.D. Cal. 2023) (plaintiff stated a claim ***because*** she alleged facts showing "Akamai violated the second clause, by willfully ***reading,*** or attempting to read or to learn the contents of [her] communications, ***while*** the communications were in transit." (emphasis added).)

established—and Plaintiff does not dispute—clause 2 requires reading a communication ***while*** it is in transit, and the FAC alleges no such thing.

To summarize: in the internet context, to sufficiently allege ***any*** violation of Section 631, a plaintiff must sufficiently allege a violation of clause 2. Moreover, as Criteo established in its Motion—and Plaintiff concedes—Plaintiff does not allege any facts to show the necessary element that Criteo *read* the contents of a communication *while* in transit. Mot. at 7-9. Accordingly, Plaintiff fails to allege a claim under Section 631.

**B. <u>Plaintiff Fails to Allege a Violation of CIPA § 632(a) (Claim 2).</u>**

In Opposition, Plaintiff fails to explain how using the public, general-purpose, unauthenticated portions of the CVS website constituted circumstances demonstrating a reasonable expectation of confidentiality. *See* Opp. at 10-11. Plaintiff repeats allegations from the FAC to argue that the alleged meaning or purported contents of his "communications" (that his particular website actions related to over-the-counter products for a "medical condition") establish a reasonable expectation of confidentiality. *Id.* But as Criteo showed in its Motion, a reasonable expectation of confidentiality must be based on the *circumstances* of a communication, not merely on its contents. Mot. at 12. Plaintiff cites *Doe v. GoodRx Holdings, Inc.* 2025 WL 2052302, *14 (N.D. Cal. July 22, 2025). But *GoodRx* involved a website that ***only*** provided prescription and telehealth services. *Id.* at *1 (noting that GoodRx is "a prescription coupon company" where "[u]sers can search for discounts on the GoodRx website" and it "offers other telehealth and prescription services" through its website). Under those circumstances, plaintiffs might have had an expectation of confidentiality in communicating "with the GoodRx *platform*[.]" *Id.* at *14 (quoting *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 799 (N.D. Cal. 2022) ("[H]ealth-related communications ***with a medical provider*** are almost uniquely personal.")) (emphasis added).[7]

[7] Plaintiff's citations to *James v. Walt Disney Co.*, 701 F. Supp. 3d 942, 956 (N.D.

In contrast, the general CVS website, like the general portion of a CVS store, sells everything from holiday trinkets to shampoo. Moreover, Plaintiff did not use prescription or medical services pages or portions of the CVS website. FAC ¶¶ 102-109; Mot. at 11. He did not obtain prescriptions or vaccines or make appointments. *Id*. He did not even log in. *Id*. ***CVS was not his medical provider***. *Id*. He was merely obtaining off-the-shelf products using general, public-facing resources—the equivalent of walking into a CVS store and purchasing products off the shelves. These circumstances do not give rise to an expectation of confidentiality.[8] Mot. at 11-12.

Next, Plaintiff attempts to rely on allegations concerning what CVS or Adobe allegedly disclosed to Criteo. Opp. at 11–12 (citing ¶¶ 8, 34, 44.) These allegations are irrelevant for numerous reasons. For one thing, these allegations do not relate to Plaintiff or constitute circumstances establishing a reasonable expectation of privacy by Plaintiff. (As explained, Plaintiff did not log in or use any prescription or medical services pages, and has not established a reasonable expectation of privacy.) Moreover, Plaintiff cannot base his Section 632 claim on information CVS or Adobe allegedly disclosed to Criteo. Section 632 only penalizes the "a **person who** … **uses** an electronic amplifying or recording device **to** eavesdrop upon or record the confidential communication…" Penal Code § 632(a). Thus, Criteo cannot be liable for receiving information that CVS or Adobe obtained and then disclosed to Criteo.

---

Cal. 2023) and *Byars v. Goodyear Tire & Rubber Co.*, 654 F. Supp. 3d 1020, 1027 (C.D. Cal. 2023) are off-base and misleading. These cases concerned ***Section 631*** and whether the plaintiff had sufficiently alleged interception of "contents" of a communication—***not*** whether the circumstances provided a reasonable expectation of confidentiality for purposes of Section ***632*** (or an invasion of privacy claim).

[8] Likewise, the FAC does not establish any connection between Criteo and any medical information. At best, the allegations cited by Plaintiff (Opp. at 11-12) concern the CVS website *homepage* or general, public and over-the-counter pages—not any pages concerning medical services or information, vaccines or prescriptions. *See* FAC ¶¶ 41-44 (addressing "The Website's homepage"), ¶¶ 63-69 (addressing, at most, the general pages, not any health services pages)). Thus no facts plausibly allege that Criteo or Criteo's technology even could have collected information from pages concerning medical services or information, vaccines or prescriptions or the like.

### C. Plaintiff Fails to Allege Claims of Invasion of Privacy under the Common Law or California Constitution (Claims 5, 6)

Plaintiff fails to directly address Criteo's arguments and the bulk of supporting authority as to invasion of privacy. Plaintiff argues that he had a reasonable expectation of privacy to his routing and signaling data, and information about his "medical conditions, immunizations and vaccines, prescriptions, and other Private Information, including their activity searching for and purchasing sensitive healthcare products." Opp. at 13. But ***Plaintiff*** did not disclose any information about his "medical conditions, immunizations and vaccines, [or] prescriptions" (Section II.B, *supra*) ***and also*** fails to allege that Criteo's technology existed on any pages concerning "medical conditions, immunizations and vaccines, prescriptions." Fn. 8 *supra*. Nor is there a reasonable expectation of privacy in IP addresses or routing information. *United States v. Forrester*, 512 F.3d 500, 510-11 (9th Cir. 2008) (there is no reasonable expectation of "to/from addresses of their messages" or IP addresses); *United States v. Herrington*, 2021 WL 3487992, *5 (D. Vt. Aug. 9, 2021) ("No federal Circuit Court of Appeals has recognized a reasonable expectation of privacy in an IP address." (collecting cases).) And IP address combined with browsing activity on the public portions of healthcare provider websites "does not and cannot identify an individual or the individual's PHI." *Becerra*, 738 F.Supp.3d at 802, 807 (vacating HHS guidance holding such information was PHI).[9]

Moreover, Plaintiff simply ignores Criteo's authority, which illustrates the general consensus that, even after passage of the CCPA, there is no reasonable expectation of privacy to routing and signaling data (such as IP address) or use of public, general-purpose portions of a website. Mot. at 10-13, 15-16; *Thomas v. Papa Johns Int'l, Inc.*, 2024 WL 2060140, *1 (S.D. Cal. May 8, 2024) ("[g]enerally, the internet is not a place where users have a reasonable expectation of privacy."). In sum, at no point does Plaintiff allege that he used any portion of CVS's website that would

[9] Even under the CCPA, disclosure of IP address information cannot support any claim. *See* Cal. Civ. Code § 1798.81.5(d)(1) (only disclosure of a person's name ***together with*** specific categories of information is actionable.)

create a reasonable expectation of privacy.

Plaintiff also fails to articulate how any alleged intrusion was highly offensive or point to authority showing routine data collection similar to what is alleged amounts to a "highly offensive" intrusion. The authority cited by Criteo, and not addressed in the Opposition, illustrates the alleged conduct is not highly offensive. Mot. at 16. Moreover, the authority in the Motion establishes that clearly defective invasion of privacy claims should be dismissed at the pleading stage. Mot. at 15-16.

**D. <u>Plaintiff Fails to Allege the Requisite Intent for Claims 1, 2, 5 and 6.</u>**

Plaintiff's arguments regarding intent are mostly nonresponsive to Criteo's Motion. Although Criteo explicitly argued that Plaintiff failed to plead intent under Claims 1, 2, 5, and 6, Plaintiff's Opposition at most addresses intent for his Section 631 claim. Opp. at 16-17 (failing to address that Section 632 and the invasion of privacy claims require not only the intent to intercept a communication, but the intent to obtain a ***confidential*** communication).

Regarding the intent required for his Section631 claim, Plaintiff admits that he must show he "acted consciously and deliberately with the goal of intercepting wire communications." Opp. at 16 (citing *United States v. Christensen*, 828 F.3d 763, 775 (9th Cir. 2015).) But the FAC fails to plead facts to indicate Criteo had the specific goal of intercepting Plaintiff's communications in transit. Further, Plaintiff's primary, supporting authority, *R.C. v. Walgreens*, addressed the intent of the ***website owner*** Walgreens who deliberately configured the tracking technologies on its website. 733 F. Supp. 3d 876, 902 (C.D. Cal. 2024); *see also St. Aubin v. Carbon Health Techs., Inc.*, 2024 WL 4369675, *1 (N.D. Cal. Oct. 1, 2024) (also assessing intent of website owner). But here, Criteo is a vendor and did not configure or control anything on CVS's website, so there is no plausible allegation as to Criteo's intent.

Moreover, none of the facts in the FAC come close to alleging that ***Criteo*** configured any technology to capture ***health or confidential*** information, or even Criteo's technology existed on any pages of the CVS website likely to have such

information, let alone that Criteo knew or intended its technology to be on such pages. Mot. at 18. The Opposition does not even address this issue, so Plaintiff concedes it.

Finally, Plaintiff once again falls back to the assertion that this is not an issue for determination at the pleading stage. Opp. at 17. No hard rule exists that issues of intent are inappropriate for resolution at the pleading stage, and when, like here, the complaint is clearly deficient or a plaintiff is "all over the map on the issue of intent[,]" dismissal at the pleading stage is appropriate. *Doe I v. Google LLC*, 741 F. Supp. 3d 828, 840 (N.D. Cal. 2024). In the authorities Plaintiff cites when courts refused to dismiss claims for failure to plead intent, the pleadings included *factual* allegations regarding third-party vendors' *knowledge* of receipt of medical information *and* steps they took or failed to take to prevent such receipt. But as noted, no facts allege that Criteo's technology was even on pages related to health information, let alone that Criteo intended to receive such information. Additionally, here, Plaintiff's conclusory allegations fail to support that Plaintiff was specifically targeted by Criteo (or CVS). FAC ¶ 95 (alleging only that plaintiff saw advertisements "for medications relating to [his] medical condition and related symptoms" *without* pleading facts that could lead to an inference this was due to Criteo or Plaintiff's activity on CVS's website).

**E. <u>Plaintiff Fails to Allege a Negligence or Negligence Pe Se Claim (Claim 7)</u>**

Plaintiff fails to meaningfully address Criteo's Motion or point to *facts* in the FAC sufficient to create a negligence claim. ***First***, Plaintiff provides no facts showing how a duty was created and simply argues that a duty to "safeguard" his data existed under CIPA and HIPAA. For CIPA, Plaintiff's cited cases (Opp. at 17-18) do not discuss negligence claims and do not hold that CIPA provides a duty for a negligence claim under any circumstances, let alone under circumstances like those here. As to HIPAA, even if it applied to Criteo, it does not support a private right of action, and courts do not permit private plaintiffs to evade this limitation by recasting a HIPAA claim as a negligence claim. Mot. at 19. Moreover, as Plaintiff concedes, Criteo is not

a covered entity under HIPAA, so HIPAA does not impose duties on Criteo.[10] *Id.*

***Second***, Plaintiff does not address Criteo's argument that Plaintiff failed to allege the breach element. In Opposition, Plaintiff vaguely says that "[Criteo's] breach of the duties identified in HIPAA are evidence of its breach of industry standards." Opp. at 18. This is not alleged in the FAC, and no facts indicate what "duties" or "industry standards" Plaintiff is referring to, or how Criteo allegedly breached them. (Since Criteo is not a covered entity under HIPAA, Plaintiff cannot possibly allege any such facts.) And the FAC itself merely alleges Criteo purportedly owed Plaintiff a "duty to safeguard and not disclose" his data. FAC ¶ 206. But no facts suggest that Criteo disclosed Plaintiff's information to anyone else, or failed to "safeguard" his data (or even what this allegation might mean).

***Third***, Plaintiff argues that he has met the damages element of his negligence claim because (1) "his intangible property (his PHI) has been accessed without his consent" and (2) "his PHI has already plausibly been misused" "for targeted advertising." Opp. at 18.[11] But as Criteo explained, a negligence claim requires "actual loss" and not conclusory or vague allegations of damages. Mot. at 20. In the sole case Plaintiff cites, the plaintiffs had adequately alleged actual loss where unauthorized users obtained their sensitive financial information, ***and the plaintiffs lost time and incurred expenses due to remedying a data breach involving their information***. *Mehta v. Robinhood Fin. LLC*, 2021 WL 6882392, *5 (N.D. Cal. Sept. 8, 2021). There are no allegations Criteo disclosed any data, let alone made a disclosure causing financial harm or costs to Plaintiff.

---

[10] The sole case Plaintiff relies on for this HIPAA argument—*Stasi v. Inmediata Health Grp. Corp.*, 501 F.Supp.3d 898 (S.D. Cal. 2020)—involved a company providing billing and health record services to healthcare providers that failed to implement industry-standard security measures and suffered a disclosure of actual health records. *Id.* at 905, 914. The court was able to analogize defendant's role to that of an employer with respect to employee health data. *Id.* at 914. But here no facts support such analogy, or this type of relationship, with respect to Criteo.

[11] And for the avoidance of doubt: the reference to "PHI" is a red herring. None of Plaintiff's information is "PHI." *See* Mot. at 14.

## III. THE NATIONWIDE CLASS ALLEGATIONS SHOULD BE STRICKEN

Plaintiff's nationwide class allegations are exactly the type where questions of law are not seriously in dispute—warranting striking the nationwide class's California law claims. ***First***, regarding Criteo's due process argument, Plaintiff cites the FAC's allegations about his California residency and his conclusory and boilerplate allegation that unspecified events occurred in California. Opp. at 19 (citing FAC ¶¶ 11, 14, 102). Because Criteo's motion to strike on due process grounds is directed to ***non-California*** class members California law claims, Plaintiff's California residency is irrelevant. Criteo's conduct as to the putative nationwide class did not occur in California. Plaintiff offers no facts whatsoever to indicate otherwise. *Id*. Nor do his cited cases help him. In *Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580, 589 (C.D. Cal. 2008), the defendant had "a substantial presence in California, including in-state business practices that form the core of plaintiffs' allegations," and in *Keilholtz v. Lennox Hearth Prods.*, 268 F.R.D. 330, 340 (N.D. Cal. 2010), seventy-six percent of the products at issue were at least partially manufactured in California. But Plaintiff does not and cannot offer any similar facts. Plaintiff should not be able to force Criteo to defend nationwide class allegations where he cannot allege any basic facts to show such litigation would not violate due process.

***Second***, as to the *Mazza* framework, Plaintiff cites *no authority* to support his labeling as "slight" the variation in invasion of privacy and negligence claims among U.S. jurisdictions.[12] Opp. at 21. Rather, Criteo's authority—whether from the motion to dismiss or class certification stage—demonstrates there is no serious dispute that these causes of action differ substantially among the states. Mot. at 22-23. Plaintiff does not attempt to demonstrate uniformity among states of negligence or invasion of

[12] *Krantz v. Old Copper Co., Inc.*, is inapplicable because it addresses a breach-of-contract claim, not the claims at issue here. Plaintiff also fails to suggest how jury instructions could remedy the problems with his nationwide class allegations. Opp. at 22. And if Plaintiff instead proposes subclasses (rather than a *nationwide* class), then this should be done now so that the parties may undertake appropriate discovery and class certification briefing.

privacy—because he cannot. Opp. at 22. Instead, Plaintiff leans heavily on insisting that now is not the time to decide these issues. But, as Criteo showed in its Motion, where, as here, the legal issues are clear, courts can and do strike class allegations at the pleading stage, including to help mitigate the burdens of class certification and class-related discovery. Mot. at 22.

Finally, in an attempt to argue other states' interests will not be impaired, Plaintiff summarily concludes that the "complaint details the connection to California." But the FAC does not do so, and Plaintiff suggests no such facts.

## IV. THE COURT SHOULD STRIKE THE TOLLING ALLEGATIONS

As demonstrated in the Motion, Plaintiff fails to allege specific facts establishing "the inability to have made earlier discovery despite reasonable diligence." *Plumlee v. Pfizer, Inc*., 2014 WL 695024, *8 (N.D. Cal. Feb. 21, 2014). Mot. at 24. Instead of pointing to facts, Plaintiff simply repeats the FAC's conclusory assertions Plaintiff and the class did not know of the tracking. Opp. at 22-23. Plaintiff tries to excuse his failure to allege facts by arguing "[i]t is not reasonable to expect a layperson like Plaintiff or Class Members to be aware of Defendants' highly technical tracking scheme simply by visiting the Website." *Id*. at 23. Nonsense. The FAC contains no facts to indicate why the prominent cookie pop-up and privacy notice on CVS's website—which explicitly disclose tracking technologies—did not provide notice of the claims. Reading a pop-up or privacy notice does not require technology, and they were anything but "hidden." Put simply, no facts plausibly indicate that Plaintiff engaged in any reasonable diligence (such as reading the pop-ups and notices that appear when visiting the website), *or* facts to support that such reasonable diligence would not have provided notice of the claims. Accordingly, the FAC's tolling allegations are inadequate and should not be permitted to expand the scope of discovery and this litigation. These allegations should be stricken.

## V. CONCLUSION

For the forgoing reasons, Criteo's Motion should be granted.

Dated: October 10, 2025 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *_/s/ Tenaya Rodewald_*

TENAYA RODEWALD
THOMAS DILLICKRATH
MARK RATWAY
SAMUEL HYAMS-MILLARD
JENNIFER N. LE
Attorneys for Defendant Criteo Corp.