**KELLEY DRYE & WARREN LLP**
Rebecca B. Durrant (SBN 350444)
350 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (212) 808-7551
Facsimile: (213) 547-4901
rdurrant@kelleydrye.com

**KELLEY DRYE & WARREN LLP**
Lauri A. Mazzuchetti (*pro hac vice*)
Whitney M. Smith (*pro hac vice*)
7 Giralda Farms, Suite 340
Madison, NJ 07940
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
lmazzuchetti@kelleydrye.com
wsmith@kelleydrye.com

**KELLEY DRYE & WARREN LLP**
Stephanie A. Carroll (*pro hac vice*)
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
scarroll@kelleydrye.com

*Counsel for Defendant CVS Pharmacy, Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JUSTIN BREWER,** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**CVS PHARMACY, INC.**, and **MEDALLIA, INC.**<br><br>Defendants. | Case No. 2:25-cv-04689-MWC-E<br><br>**DEFENDANT CVS PHARMACY, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>[Hon. Michelle Williams Court] |

Defendant CVS Pharmacy, Inc. ("CVS") hereby files its Answer and Affirmative Defenses to the Second Amended Complaint (the "SAC") filed by Plaintiff Justin Brewer ("Plaintiff"), individually and on behalf of all others similarly situated, Docket No. 81, and states as follows:[1]

## NATURE OF THE ACTION

1. CVS lacks information sufficient to admit or deny the allegations regarding CVS's customer population, but states that CVS maintains a website, www.cvs.com, where customers may manage prescriptions, purchase over-the-counter products relating to health and medicine, schedule vaccine appointments, schedule in-person MinuteClinic appointments and virtual visits, and take other actions related to their personal healthcare. CVS denies that appointments are made with doctors in the case of the MinuteClinic Services, as there are a number of different professionals who provide services, including, without limitation, nurse practitioners and physician assistants. With respect to the allegations in the third sentence of Paragraph 1, CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 1.

2. CVS admits the allegations in Paragraph 2 purport to represent an SEC filing. CVS respectfully refers to the referenced document for its complete and accurate content and context and otherwise denies the allegations in Paragraph 2.

3. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 3. Moreover, the allegations in the second sentence of Paragraph 3 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations.

---

[1] CVS is responding only to the numbered paragraphs of the SAC. To the extent any response is required to any unnumbered paragraphs or headings, CVS denies those statements.

4. The allegations in Paragraph 4 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations.

5. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations directed to another party, and therefore, denies the allegations in Paragraph 5.

6. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations directed to another party, and therefore, denies the allegations in Paragraph 6.

7. CVS denies the allegations in Paragraph 7. To the extent the allegations in the second sentence of Paragraph 7 pertain only to Adobe, Criteo, and Medallia, no responsive pleading is required from CVS.

8. CVS denies the allegations in Paragraph 8.

## JURISDICTION AND VENUE

9. The allegations in Paragraph 9 regarding jurisdiction are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS does not contest that this Court has jurisdiction over the claims asserted in the SAC, subject to its right to challenge Plaintiff and the putative class's ability to satisfy the injury requirement for purposes of Article III standing.

10. The allegations in Paragraph 10 regarding jurisdiction are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS does not contest that this Court has jurisdiction over the claims asserted in the SAC, subject to its right to challenge Plaintiff and the putative class's ability to satisfy the injury requirement for purposes of Article III standing.

11. The allegations in Paragraph 11 regarding jurisdiction are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS does not contest that this Court has jurisdiction over the claims asserted in the SAC, subject to its right to challenge Plaintiff and the putative class's

ability to satisfy the injury requirement for purposes of Article III standing.

12. The allegations in Paragraph 12 regarding jurisdiction are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS does not contest that this Court has jurisdiction over the claims asserted in the SAC, subject to its right to challenge Plaintiff and the putative class's ability to satisfy the injury requirement for purposes of Article III standing. CVS otherwise denies the allegations in Paragraph 12.

13. The allegations in Paragraph 13 regarding venue are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS does not contest that venue is proper.

## THE PARTIES

14. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 14.

15. CVS admits the allegations in Paragraph 15.

16. The allegations in Paragraph 16 pertain to Criteo Corp., not CVS, and as such, no responsive pleading is required from CVS. To the extent a response is required, CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 16.

17. The allegations in Paragraph 17 pertain to Medallia, Inc., not CVS, and as such, no responsive pleading is required from CVS. To the extent a response is required, CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 17.

## FACTUAL ALLEGATIONS

18. The allegations in Paragraph 18 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS refers to the statute purportedly referenced for its complete and accurate content and context and otherwise denies the allegations.

19. The allegations in Paragraph 19 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS responds that the cited statute speaks for itself and refers to the statute purportedly referenced in Paragraph 19 for its complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 19.

20. The allegations in Paragraph 20 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS states that the allegations in Paragraph 20 purport to refer to certain legal authority and refers to that legal authority for its complete and accurate content and context and otherwise denies the allegations.

21. The allegations in Paragraph 21 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations.

22. CVS denies the allegations in Paragraph 22.

23. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 23.

24. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 24.

25. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 25.

26. CVS denies the allegations in Paragraph 26.

27. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 27.

28. CVS states that the allegations in Paragraph 28 purports to quote from a

webpage that speaks for itself and refers to the referenced webpage for its complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 28.

29. CVS states that the allegations in Paragraph 29 purport to represent webpages that speak for themselves and refers to the referenced webpages for their complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 29.

30. CVS states that the allegations in Paragraph 30 purport to represent a webpage that speaks for itself and refers to the referenced webpage for its complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 30.

31. CVS states that the allegations in Paragraph 31 purport to represent a webpage that speaks for itself, including an alleged identity graph, and refers to the referenced webpage and image for their complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 31.

32. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 32.

33. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 33.

34. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 34.

35. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 35.

36. CVS lacks sufficient knowledge or information to form a belief

concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 36.

37. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 37.

38. CVS states that the allegations in Paragraph 38 purport to represent a webpage that speaks for itself and refers to the referenced webpage for its complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 38.

39. CVS denies the allegations in the first sentence of Paragraph 39. With respect to the remaining allegations, CVS lacks sufficient knowledge or information concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 39.

40. Because the allegations in Paragraph 40 purport to refer to the content of webpages, CVS respectfully refers to the referenced webpages in Paragraph 40 for their complete and accurate content and context. CVS otherwise denies the allegations of Paragraph 40.

41. Because the allegations in Paragraph 41 purport to refer to the content of code on the webpage in Figure 1, CVS respectfully refers to the referenced webpages in Paragraph 41 for their complete and accurate content and context. CVS otherwise denies the allegations of Paragraph 41.

42. Because the allegations in Paragraph 42 purport to refer to the content of webpages, CVS respectfully refers to the referenced webpage for its complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 42.

43. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 43.

44. Because the allegations in Paragraph 44, including Figures 2 and 3,

purport to refer to the content of webpages, CVS respectfully refers to the referenced webpages in Paragraph 44 for their complete and accurate content and context. CVS otherwise denies the allegations of Paragraph 44.

45. Because the allegations in Paragraph 45, including Figure 5, purport to refer to the content of code on webpages, CVS respectfully refers to the referenced webpages for their complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 45.

46. Because the allegations in Paragraph 46, including Figure 5, purport to refer to the content of code on webpages, CVS respectfully refers to the referenced webpages for their complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 46.

47. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 47.

48. CVS denies the allegations in the first sentence of Paragraph 48. To the extent the remaining allegations in Paragraph 48 refer to the content of code on a webpage, CVS respectfully refers to the referenced webpage for its complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 48.

49. Because the allegations in Paragraph 49 purport to refer to the content of webpages in Figures 3, 4, and 5, CVS respectfully refers to the referenced webpages in Paragraph 49 for their complete and accurate content and context. CVS otherwise denies the allegations of Paragraph 49.

50. Because the allegations in Paragraph 50 purport to refer to the content of code on a webpage, CVS respectfully refers to the referenced webpage in Paragraph 50 for its complete and accurate content and context. CVS otherwise denies the allegations of Paragraph 50.

51. Because the allegations in Paragraph 51 purport to refer to the content of code on a webpage, CVS respectfully refers to the referenced webpage in Paragraph

51 for its complete and accurate content and context. CVS otherwise denies the allegations of Paragraph 51.

52. Because the allegations in Paragraph 52 purport to refer to the content of webpages, CVS respectfully refers to the referenced webpages in Paragraph 52 for their complete and accurate content and context. CVS otherwise denies the allegations of Paragraph 52.

53. Because the allegations in Paragraph 53 purport to refer to the content of code on a webpage, CVS respectfully refers to the referenced webpages in Paragraph 53 for their complete and accurate content and context. CVS otherwise denies the allegations of Paragraph 53.

54. Because the allegations in Paragraph 54, including Figures 6 and 7, purport to refer to the content of a webpage and its code, CVS respectfully refers to the referenced webpage in Paragraph 54 for its complete and accurate content and context. CVS otherwise denies the allegations of Paragraph 54.

55. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 55.

56. Because the allegations in Paragraph 56, including Figures 8A-8C, purport to refer to the content of webpages, CVS respectfully refers to the referenced webpages in Paragraph 56 for their complete and accurate content and context. CVS otherwise denies the allegations of Paragraph 56.

57. Because the allegations in Paragraph 57, including Figures 8A-8C, purport to refer to the content of code on webpages, CVS respectfully refers to the referenced webpages in Paragraph 57 for its complete and accurate content and context. CVS otherwise denies the allegations of Paragraph 57.

58. Because the allegations in Paragraph 58, including Figures 8A-8C and 9, purport to refer to the content of code on a webpage, CVS respectfully refers to the referenced webpage in Paragraph 58 for its complete and accurate content and context.

CVS otherwise denies the allegations of Paragraph 58.

59. Because the allegations in Paragraph 59, including Figure 10, purport to refer to the content of a webpage, CVS respectfully refers to the referenced webpage in Paragraph 59 for its complete and accurate content and context. CVS otherwise denies the allegations of Paragraph 59.

60. Because the allegations in Paragraph 60, including Figure 11, purport to refer to the content of code on a webpage, CVS respectfully refers to the referenced webpage in Paragraph 60 for its complete and accurate content and context. CVS otherwise denies the allegations of Paragraph 60.

61. CVS denies the allegations in Paragraph 61.

62. CVS denies the allegations in the first sentence of Paragraph 62. CVS denies the allegations in the second sentence of Paragraph 62 that CVS's engagement of Criteo was "unbeknownst" to Website users. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations in the third sentence of Paragraph 62, and therefore, denies the allegations in Paragraph 62.

63. CVS admits that it engages Criteo as a service provider to perform certain functions with respect to its website but otherwise denies the allegations in Paragraph 63. With respect to the remaining allegations, CVS lacks sufficient knowledge regarding other companies' use of Criteo and/or its specific services, and therefore, denies the allegations in Paragraph 63.

64. CVS admits the allegations in the first sentence of Paragraph 64, except to the extent it refers to "Trackers" or "tracking technologies." CVS also denies the allegations contained in the second sentence of Paragraph 64. With respect to the remaining allegations in Paragraph 64, CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 64.

65. The allegations in Paragraph 65 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the

allegations.

66. Because the allegations in Paragraph 66, including Figure 12, purport to refer to the content of code on a webpage, CVS respectfully refers to the referenced webpage in Paragraph 66 for its complete and accurate content and context. CVS otherwise denies the allegations of Paragraph 66.

71. Because the allegations in Paragraph 71, including Figure 13, purport to refer to the content of code on a webpage, CVS respectfully refers to the referenced webpage in Paragraph 71 for its complete and accurate content and context. CVS otherwise denies the allegations of Paragraph 71.[2]

72. Because the allegations in Paragraph 72, including Figures 12 and 13, purport to refer to the content of webpages, CVS respectfully refers to the referenced webpage in Paragraph 72 for its complete and accurate content and context. CVS otherwise denies the allegations of Paragraph 72.

73. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 73.

74. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 74.

75. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 75.

76. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 76. Moreover, the allegations in Paragraph 76, including Figure 14, purport

[2] The SAC does not contain paragraphs numbered 67–70. CVS adopts the paragraph numbering of the SAC for consistency.

to quote from a webpage that speaks for itself, and CVS refers to the referenced webpage for its complete and accurate content and context.

77. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 77. Moreover, the allegations in Paragraph 77, including Figure 15, purport to quote from a webpage that speaks for itself, and CVS refers to the referenced webpage for its complete and accurate content and context.

78. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 78.

79. CVS denies the allegations in the first sentence of Paragraph 79. CVS denies the allegations in the second sentence of Paragraph 79 that CVS's engagement of Medallia was "unbeknownst" to Website users. CVS lacks sufficient information or knowledge to form a belief concerning the truth of the allegations in the third sentence of Paragraph 79, and therefore, denies the allegations.

80. CVS admits the allegations in the first sentence of Paragraph 80, except to the extent it refers to "Trackers" or "tracking technologies." With respect to the remaining allegations in Paragraph 80, CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 80.

81. The allegations in Paragraph 81 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations.

82. Because the allegations in Paragraph 82, including Figure 14, purport to refer to the content of code on a webpage, CVS respectfully refers to the referenced webpage in Paragraph 82 for its complete and accurate content and context. CVS otherwise denies the allegations of Paragraph 82.

83. Because the allegations in Paragraph 83, including Figure 15, purport to

refer to the content of code on a webpage, CVS respectfully refers to the referenced webpage in Paragraph 83 for its complete and accurate content and context. CVS otherwise denies the allegations of Paragraph 83.

84. Because the allegations in Paragraph 84, including Figures 14 and 15, purport to refer to the content of code on a webpage, CVS respectfully refers to the referenced webpage in Paragraph 84 for its complete and accurate content and context. CVS otherwise denies the allegations of Paragraph 84.

85. Because the allegations in Paragraph 85, including Figure 16, purport to refer to the content of code on a webpage, CVS respectfully refers to the referenced webpage in Paragraph 85 for its complete and accurate content and context. CVS otherwise denies the allegations of Paragraph 85.

86. The allegations in Paragraph 86 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations.

87. The allegations in Paragraph 87 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations. Moreover, to the extent the allegations in Paragraph 87 purport to represent the HIPAA Privacy Rule, CVS respectfully refers to the referenced regulation for its complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 87.

88. The allegations in Paragraph 88 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations. Moreover, to the extent the allegations in Paragraph 88 purport to represent a regulation, CVS respectfully refers to the referenced regulation for its complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 88.

89. The allegations in Paragraph 89 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the

allegations. Moreover, to the extent the allegations in Paragraph 89 purport to represent an HHS guidance document, CVS respectfully refers to the referenced document for its complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 89.

90. The allegations in Paragraph 90 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations. Moreover, to the extent the allegations in Paragraph 90 purport to represent an HHS guidance document, CVS respectfully refers to the referenced document for its complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 90.

91. The allegations in Paragraph 91 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations. Moreover, to the extent the allegations in Paragraph 91 purport to represent an HHS guidance document, CVS respectfully refers to the referenced document for its complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 91.

92. The allegations in Paragraph 92 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations. Moreover, to the extent the allegations in Paragraph 92 purport to represent an HHS guidance document, CVS respectfully refers to the referenced document for its complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 92.

93. The allegations in Paragraph 93 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations. Moreover, to the extent the allegations in Paragraph 93 purport to represent the content of an article, CVS respectfully refers to the referenced document for its complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 93.

94. CVS denies the allegations in Paragraph 94.

95. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 95. To the extent the allegations in Paragraph 95 purport to represent the content of an article and case law, CVS respectfully refers to the referenced documents for their complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 95.

96. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 96. To the extent the allegations in Paragraph 96 purport to represent the content of an article, CVS respectfully refers to the referenced article for its complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 96.

97. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 97. To the extent the allegations in Paragraph 97 purport to represent the content of an article, CVS respectfully refers to the referenced article for its complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 97.

98. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 98. To the extent the allegations in Paragraph 98 purports to represent the content of an article, CVS respectfully refers to the referenced article for its complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 98.

99. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 99. To the extent the allegations in Paragraph 99 purports to represent the

content of an article, CVS respectfully refers to the referenced article for its complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 99.

100. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 100. To the extent the allegations in Paragraph 100 purports to represent the content of articles, CVS respectfully refers to the referenced documents for their complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 100.

101. CVS denies the allegations in Paragraph 101.

102. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations regarding Plaintiff's visits to the Website, and therefore, denies the allegations in Paragraph 102.

103. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations regarding Plaintiff's visits to the Website and his intended purchases, and therefore, denies the allegations in Paragraph 103.

104. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations regarding Plaintiff's visits to the Website and his intended purchases, and therefore, denies the allegations in Paragraph 104.

105. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 105.

106. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 106.

107. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations regarding Plaintiff's knowledge and consent, and therefore, denies the allegations in Paragraph 107.

108. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations regarding Plaintiff's expectations, and therefore, denies the allegations in Paragraph 108.

109. CVS denies the allegations in Paragraph 109.

110. The allegations in Paragraph 110 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations.

111. The allegations in Paragraph 111 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations.

**TOLLING OF STATUTE OF LIMITATIONS AND DELAYED DISCOVERY**

112. The allegations in Paragraph 112 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations.

113. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 113.

114. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations in the first sentence of Paragraph 114, and therefore, denies the allegations. CVS denies the allegations in the second sentence of Paragraph 114.

115. The allegations in Paragraph 115 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations.

**CLASS ACTION ALLEGATIONS**

116. CVS admits that Plaintiff purports to bring a class action lawsuit against CVS but denies that Plaintiff can satisfy the elements of Rule 23 or that this case is otherwise suitable for class treatment.

117. The allegations in Paragraph 117 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations.

118. The allegations in Paragraph 118 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations.

119. CVS admits that Plaintiff purports to bring a class action lawsuit against CVS but denies that Plaintiff can satisfy the elements of Rule 23 or that this case is otherwise suitable for class treatment.

120. The allegations in Paragraph 120 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations.

121. The allegations in Paragraph 121 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations.

122. The allegations in Paragraph 122 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations.

123. The allegations in Paragraph 123 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations.

124. The allegations in Paragraph 124 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### Violation Of the California Invasion of Privacy Act (CIPA)

### Cal. Penal Code § 631(a)

125. CVS incorporates its responses set forth above, including but not limited to CVS's responses to the allegations in Paragraphs 1 through 125, as if fully set forth herein.

126. The allegations in Paragraph 126 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS responds that the cited statute speaks for itself and refers to the statute referenced in Paragraph 126 for its complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 126.

127. The allegations in Paragraph 127 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS responds that the cited statute speaks for itself and refers to the statute referenced in 127 for its complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 127.

128. The allegations in Paragraph 128 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations.

129. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 129. Moreover, the allegations in Paragraph 129 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations.

130. CVS denies the allegations in Paragraph 130. To the extent the allegations in this Paragraph pertain to Adobe, Criteo, and Medallia only, no responsive pleading is required from CVS.

131. CVS denies the allegations of Paragraph 131.

132. CVS denies the allegations of Paragraph 132.

133. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in

Paragraph 133. To the extent a response is required, CVS denies the allegations.

134. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 134. To the extent a response is required, CVS denies the allegations.

135. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 135. To the extent a response is required, CVS denies the allegations.

136. The allegations in Paragraph 136 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations.

137. CVS denies the allegations of Paragraph 137.

138. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 138. Moreover, the allegations in Paragraph 138 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations.

139. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 139. Moreover, the allegations in Paragraph 139 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations.

140. CVS denies the allegations in Paragraph 140 directed to CVS. Moreover, where the allegations in this paragraph pertain to Criteo and Medallia only, no responsive pleading is required from CVS. To the extent a response is required, CVS denies the allegations.

141. CVS denies the allegations in Paragraph 141 and denies that Plaintiffs and putative Class Members are entitled to relief.

142. CVS denies the allegations in Paragraph 142.

143. CVS denies the allegations in Paragraph 143. CVS further responds that to the extent Paragraph 143 purports to refer to a statute, the cited statute speaks for itself and refers to the statute referenced in Paragraph 143 for its complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 143 and further denies that Plaintiff and putative class members are entitled to relief.

144. CVS denies the allegations in Paragraph 144 and further denies that Plaintiff and putative Class Members are entitled to relief.

## SECOND CAUSE OF ACTION

**Violation of the California Invasion of Privacy Act (CIPA)**
**Cal. Penal Code § 632(a)**

145. CVS incorporates its responses set forth above, including but not limited to CVS's responses to the allegations in Paragraphs 1 through 145, as if fully set forth herein.

146. The allegations in Paragraph 146 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS responds that Paragraph 146 purports to refer to a statute and refers to the cited statute for its complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 146.

147. The allegations in Paragraph 147 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations.

148. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 148. Moreover, the allegations in Paragraph 148 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations.

149. CVS denies the allegations in Paragraph 149.

150. CVS denies the allegations of Paragraph 150.

151. CVS denies the allegations in Paragraph 151. Where the allegations pertain to Criteo and Medallia, no response from CVS is required. To the extent a response is required, CVS denies the allegations.

152. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations in the first sentence of Paragraph 152, and therefore, denies those allegations in Paragraph 152. CVS otherwise denies the remaining allegations in Paragraph 152.

153. CVS denies the allegations in Paragraph 153.

154. CVS denies the allegations in Paragraph 154.

155. The allegations in Paragraph 155 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS responds that Paragraph 155 purports to refer to a statute and refers to the statute referenced in Paragraph 155 for its complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 155.

156. CVS denies the allegations of Paragraph 156.

157. CVS denies the allegations in Paragraph 157.

158. CVS denies the allegations in Paragraph 158 and denies that Plaintiff and putative Class Members are entitled to relief.

159. CVS denies the allegations in Paragraph 159.

160. The allegations in Paragraph 160 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS responds that Paragraph 160 purports to refer to a statute and refers to the statute referenced in Paragraph 160 for its complete and accurate content and context. CVS otherwise denies the allegations in Paragraph 160.

161. The allegations in Paragraph 161 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS responds that the cited statute speaks for itself and refers to the statute referenced in Paragraph 161 for its complete and accurate content and context. CVS otherwise denies the

allegations in Paragraph 161.

## THIRD CAUSE OF ACTION
## Breach of Confidence

162. CVS incorporates its responses set forth above, including but not limited to CVS's responses to the allegations in Paragraphs 1 through 162, as if fully set forth herein.

163. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 163.

164. CVS denies the allegations in Paragraph 164.

165. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 165. Moreover, the allegations in Paragraph 165 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations.

166. CVS denies the allegations in Paragraph 166.

167. CVS denies the allegations in Paragraph 167.

168. CVS denies that it used Plaintiff and putative Class Members' confidential information for CVS's advertising purposes. CVS states that it did not offer to purchase or financially compensate Plaintiff or putative Class Members for their confidential information.

169. CVS denies the allegations in Paragraph 169 and further denies that Plaintiff and putative Class Members are entitled to relief.

170. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 170 and denies that Plaintiff and putative Class Members are entitled to relief.

## FOURTH CAUSE OF ACTION
**Invasion of Privacy Under California's Constitution**

171. CVS incorporates its responses set forth above, including but not limited to CVS's responses to the allegations in Paragraphs 1 through 171, as if fully set forth herein.

172. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations regarding Plaintiff and putative Class Members' interests, and therefore, denies the allegations in Paragraph 172.

173. CVS denies the allegations in Paragraph 173.

174. CVS denies the allegations in Paragraph 174.

175. CVS denies the allegations in Paragraph 175.

176. CVS denies the allegations in Paragraph 176.

177. CVS denies the allegations in Paragraph 177.

178. CVS denies the allegations in Paragraph 178 and denies that Plaintiff and putative Class Members are entitled to relief.

179. CVS denies the allegations in Paragraph 179.

180. CVS denies the allegations in Paragraph 180 and denies that Plaintiff and putative Class Members are entitled to relief.

181. CVS denies the allegations in Paragraph 181 and further denies that Plaintiff and putative Class Members are entitled to relief.

## FIFTH CAUSE OF ACTION
**Common Law Invasion of Privacy—Intrusion Upon Seclusion**

182. CVS incorporates its responses set forth above, including but not limited to CVS's responses to the allegations in Paragraphs 1 through 182, as if fully set forth herein.

183. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 183. CVS otherwise denies the allegations in Paragraph 183.

184. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 184.

185. CVS denies the allegations in Paragraph 185.

186. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 186. CVS otherwise denies the allegations in Paragraph 186.

187. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations in the first sentence of Paragraph 187, and therefore, denies the allegations. To the extent that the allegations in the second sentence of this Paragraph pertain to Adobe, Criteo, and Medallia only, no responsive pleading is required from CVS. To the extent a response is required, CVS denies the allegations. CVS otherwise denies the allegations in Paragraph 187.

188. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 188. CVS otherwise denies the allegations in Paragraph 188.

189. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 189. CVS otherwise denies the allegations in Paragraph 189.

190. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 190 and denies that Plaintiffs and putative Class Members are entitled to relief. CVS otherwise denies the allegations in Paragraph 190.

191. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 191 and denies that Plaintiff and putative Class Members are entitled to relief. CVS otherwise denies the allegations in Paragraph 191.

192. CVS lacks sufficient knowledge or information to form a belief

concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 192 and denies that Plaintiff and putative Class Members are entitled to relief. CVS otherwise denies the allegations in Paragraph 192.

193. CVS denies the allegations in Paragraph 193.

## SIXTH CAUSE OF ACTION

**Negligence and Negligence Per Se**

194. CVS incorporates its responses set forth above, including but not limited to CVS's responses to the allegations in Paragraphs 1 through 194, as if fully set forth herein.

195. CVS lacks sufficient knowledge or information to form a belief concerning the truth of the allegations, and therefore, denies the allegations in Paragraph 195. To the extent a response is required, CVS denies the allegations.

196. The allegations in Paragraph 196 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations.

197. The allegations in Paragraph 197 are legal conclusions, and therefore, CVS is not required to respond. To the extent a response is required, CVS denies the allegations.

198. The allegations in Paragraph 198 pertain only to Adobe, Criteo, and Medallia, and therefore, no responsive pleading is required from CVS. To the extent a response is required, CVS denies the allegations.

199. CVS denies the allegations in Paragraph 199 to the extent Plaintiff is alleging that any technologies were configured in a manner that lead to a violation of any alleged privacy interest.

200. CVS denies the allegations in Paragraph 200.

201. CVS denies the allegations in Paragraph 201.

202. CVS denies the allegations in Paragraph 202.

## RELIEF REQUESTED

203. CVS denies that Plaintiff is entitled to any relief. To the extent that CVS has not specifically admitted any allegation herein, it is denied. Further, CVS states that it is entitled to any relief that this Court may deem just or appropriate, in equity or at law.

## DEMAND FOR JURY TRIAL

204. CVS admits that Plaintiff demands a trial by jury on all facts and causes of action that are triable.

## AFFIRMATIVE DEFENSES

By way of further response, CVS asserts and alleges the following Affirmative Defenses to Plaintiff's SAC.

## FIRST AFFIRMATIVE DEFENSES

The SAC, and each and every count therein, fails to state a cause of action or claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSES

The SAC, and each and every count therein, is barred, in whole or in part, because Plaintiff and putative Class Members have not suffered any cognizable injury and does not have standing to assert his claims.

## THIRD AFFIRMATIVE DEFENSES

The SAC, and each and every count therein, is barred, in whole or in part, because Plaintiff and putative Class Members consented to CVS's conduct.

## FOURTH AFFIRMATIVE DEFENSES

The SAC, and each and every count therein, is barred, in whole or in part, because CVS owed no legal duty to Plaintiff or putative Class Members.

## FIFTH AFFIRMATIVE DEFENSES

The SAC, and each and every count therein, is barred, in whole or in part, by the doctrine of laches, waiver, or estoppel.

**SIXTH AFFIRMATIVE DEFENSES**

The SAC, and each and every count therein, is barred, in whole or in part, because Plaintiff and putative Class Members assumed the risk of any browsing information being shared with third parties by voluntarily using internet-based services.

**SEVENTH AFFIRMATIVE DEFENSES**

The SAC, and each and every count therein, is barred, in whole or in part, because the claims cannot be properly certified under Rule 23.

**EIGHTH AFFIRMATIVE DEFENSES**

The SAC, and each and every count therein, is barred, in whole or in part, because Plaintiff and putative Class Members did not suffer any injury, damage, or ascertainable loss as a result of any purported actions by CVS.

**NINTH AFFIRMATIVE DEFENSES**

Any damage, loss, or liability sustained by Plaintiff and the putative class must be reduced, diminished, and/or barred in proportion to the wrongful conduct or persons or entities other than CVS, including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

**TENTH AFFIRMATIVE DEFENSES**

The SAC, and each and every count therein, is barred, in whole or in part, to the extent that Plaintiff and putative Class Members seeks excessive statutory or punitive damages in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**ELEVENTH AFFIRMATIVE DEFENSES**

Plaintiff and putative Class Members are not entitled to injunctive relief because any alleged injury to Plaintiff or the putative class is not immediate or irreparable and Plaintiff has an adequate remedy at law.

**TWELFTH AFFIRMATIVE DEFENSES**

The SAC, and each and every count therein, is barred, in whole or in part, because it seeks to impose an excessive fine within the meaning of the Excessive Fines and Penalties Clause of the Eighth Amendment to the United States Constitution.

**THIRTEENTH AFFIRMATIVE DEFENSES**

Plaintiff and putative Class Members are not entitled to interest, attorney's fees, or costs in connection with this action.

**FOURTEENTH AFFIRMATIVE DEFENSES**

To the extent any relief sought by Plaintiff, individually and on behalf of a putative class, would be duplicative or relief sought by Plaintiff or other plaintiffs in other lawsuits, subjecting CVS to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments of the United States Constitution.

**FIFTEENTH AFFIRMATIVE DEFENSES**

The SAC, and each and every count therein, is barred, in whole or in part, by the applicable statute of limitations.

DATED: November 21, 2025 Respectfully submitted,

By: /s/ Whitney M. Smith

Whitney M. Smith (*pro hac vice*)
**KELLEY DRYE & WARREN LLP**
Lauri A. Mazzuchetti (*pro hac vice*)
7 Giralda Farms, Suite 340
Madison, NJ 07940
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
lmazzuchetti@kelleydrye.com
wsmith@kelleydrye.com

**KELLEY DRYE & WARREN LLP**
Rebecca Durrant (SBN 350444)
350 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (212) 808-7551
Facsimile: (213) 547-4901
rdurrant@kelleydrye.com

**KELLEY DRYE & WARREN LLP**
Stephanie A. Carroll (*pro hac vice*)
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
scarroll@kelleydrye.com

*Counsel for Defendant CVS Pharmacy, Inc.*